CARDINALE et al.

v.

**OTTAWA REGIONAL PLANNING COMMISSION, Appellee, et al.; BAYCLIFFS CORPORATION, Appellant.**

[Cite as *Cardinale v. Ottawa Regional Planning Comm.* (1993), 89 Ohio App.3d 747.]

Court of Appeals of Ohio,
Ottawa County.

No. 92OT014.

Decided Aug. 6, 1993.

*Michael J. Antonini,* for appellee Ottawa Regional Planning Commission.

*John D. Brown, Robert A. Brindza* and *John D. Kocher,* for appellant.

SHERCK, Judge.

This is an appeal from an order of the Ottawa County Court of Common Pleas which refused to stay the expiration date of a conditional plat approval granted by the county's regional planning commission to a developer. Because we find the trial court erred in denying appellant's motion for a preliminary injunction which sought to preserve the *status quo* pending a trial on the merits, we reverse.

Appellant, Baycliffs Corporation, seeks to develop residential housing on property it owns on Johnson's Island in Sandusky Bay near Lake Erie. In October 1990, appellant submitted a proposed subdivision plat to appellee, Ottawa Regional Planning Commission, for its approval. On October 16, 1990, appellee considered appellant's proposal and voted to approve the subdivision plan, provided that the developer satisfy eight specific conditions by November 16, 1990. The following day appellee's assistant director sent appellant a letter outlining appellee's decision and its requirements. Shortly thereafter, appellant requested and was granted an eleven-month extension of time within which to comply with the conditions set forth by appellee.

On November 14, 1990, pursuant to R.C. Chapter 2506, Louis Cardinale and four other owners of property located adjacent to the proposed Baycliffs project filed a notice of appeal challenging appellee's approval of appellant's plat.[1]

As the extended deadline for compliance with appellee's conditions approached, appellant requested another extension of time. Appellee denied this request, based on its policy not to grant extensions beyond one year from the date of a conditional plat approval. On October 16, 1991, appellant requested, and was granted, a temporary order restraining appellee from declaring that its prior approval had expired. Appellant also sought an order from the common pleas court staying the expiration date or, alternatively, declaring that the time period begins to run only after the completion of the R.C. Chapter 2506 appeal.

On February 14, 1992, the common pleas court dissolved the temporary restraining order. The court refused to grant appellant further injunctive relief or to declare that the R.C. Chapter 2506 appeal tolls the expiration date of a conditional approval. From this decision appellant appeals, setting forth the following three assignments of error:

"I. The trial court erred by failing to overrule or stay the unauthorized, arbitrary and capricious actions of the planning commission which denied appellant's rights pursuant to Ohio Revised Section 711.10 or 711.132.

"II. The trial court erred by ruling that the final approval of the planning commission was 'conditional' and not final.

"III. The trial court erred by ruling that the planning commission's policy of limiting the time for completion of certain conditions following approval of the subdivision is not tolled for the period of time taken by an appeal challenging such subdivision approval."

I

We will first address appellant's second assignment of error, which contends that the trial court should have treated appellee's approval as final and not conditional. We initially observe that appellant's brief makes no specific argument with respect to this assignment of error. App.R. 12(A)(2) allows us to disregard assignments of error not separately argued. Nevertheless, we note that Section 322 of the duly adopted Subdivision Regulations for Ottawa County, Ohio, provides for conditional approval of final subdivision plats.

---

1. Cardinale et al. are not parties to this appeal and no decision on the merits of the R.C. Chapter 2506 appeal has been rendered. On July 6, 1992, Cardinale et al. filed a motion in the common pleas court to dismiss the appeal on the grounds that the original plat approval was superseded by the later approval of a resubmitted plan. This motion has not yet been ruled upon by the common pleas court.

Appellee's letter of October 17, 1990 states that the commission voted to grant "final approval" of appellant's plan. However, the remainder of this sentence provides that such approval be granted only "if these items are addressed * * * by November 16, 1990." The term "these items" clearly refers to eight items appearing directly above that sentence.

The letter is not ambiguous. The action taken by appellee during its meeting of October 16, 1990, and memorialized by its letter of the following day, was the approval of a final plat subject to the satisfaction of eight conditions precedent. Had appellant satisfied each of the conditions stated within the time provided, no further commission action would have been required; approval would have been self-actuated. Accordingly, the trial court properly ruled the approval rendered by appellee as "conditional" and appellant's second assignment of error is not well taken.

## II

Appellant, in its first assignment of error, asserts that appellee's policy of limiting to one year the time during which an applicant has to satisfy items in a conditional approval of a final plat is unlawful. Appellant argues three theories: first, such policy is in contravention of R.C. 711.10; second, the policy is a regulation not adopted pursuant to R.C. 711.132; and, third, the application of the policy to appellant's project was arbitrary and unreasonable.

## A

R.C. 711.10 provides, in part:

" * * * The approval of the planning commission or the refusal to approve shall be endorsed on the plat within thirty days after the submission of the plat for approval, or within such further time as the applying party may agree to in writing; otherwise such plat is deemed approved, and the certificate of the planning commission as to the date of the submission of the plat for approval and the failure to take action thereon within such time shall be sufficient in lieu of the written endorsement or evidence of approval required by this section. * * * "

Appellant focuses on the word "shall" in the statute and argues that the use of this word makes mandatory commission approval or denial of a final plat within thirty days of submission. Further, citing *P.H. English, Inc. v. Koster* (1980), 61 Ohio St.2d 17, 15 O.O.3d 9, 399 N.E.2d 72, appellant contends that where no approval or disapproval occurs within the specified time, the plat is deemed approved as a matter of law. Any other action, such as the approval on condition precedent, contravenes the statute, according to appellant.

Appellant's argument is deficient in several respects. *English* is distinguishable because that case dealt not with a conditional approval, but with a planning commission's procedure which permitted no action on a proposed plat until sixty days after its submission.

With respect to the argument that conditions precedent are in contravention of the statute, we note that the statute also specifically prohibits the adoption of "rules requiring actual construction as a condition precedent to the approval of a plat * * * unless such requirements have first been adopted by the board of commissioners * * *." R.C. 711.10. Had the legislature intended all conditions to an approval to be antithetical to the purpose of the law, it would not have been compelled to regulate a specific condition precedent. See Nutting, Elliot, & Dickerson, Legislation (1969) 410.

Finally, the portion of the statute to which appellant has directed us provides that an applying party may agree to an enlargement of time restraints appearing within the statute. The record reflects that appellant requested and was granted such an extension.

## B

■ Appellant next argues under this assignment that the policy of not permitting more than a one-year period for an applicant to satisfy the planning commission's conditions is illegal because the policy was not properly enacted as a rule or regulation. See R.C. 711.132.

Initially, we note that if appellant prevails on this ground it must be denied the ultimate remedy it seeks. If the one-year compliance extension were not available, then Section 332 of the duly adopted Ottawa County Subdivision Regulations delineates a ninety-day period within which the holder of a conditional final plat approval must make the necessary corrections and resubmit them to the director of the planning commission. In short, if the policy which appellant suggests is invalid is negated, then the rule which would appear in its stead would allow appellant nine months less time than it received under the policy of which it complains. Since appellant has been a beneficiary of appellee's policy, it may not now complain of the policy from which it benefited. *Andres v. Perrysburg* (1988), 47 Ohio App.3d 51, 56, 546 N.E.2d 1377, 1383.

## III

Appellant's third assignment of error and the third prong of its first assignment of error are related. Appellant argues that in this specific instance, appellee's refusal to extend its completion deadline was arbitrary and capricious. Additionally, appellant invites us to hold that if, as here, the timely exercise of

rights conferred by a conditional plat approval are delayed because of an R.C. Chapter 2506 appeal, then the time provided within which to satisfy those conditions is tolled.

The parties agree that appellant's proposed subdivision is complicated beyond the ordinary. Its location, Johnson's Island, was the site of a Union Army prisoner of war camp for Confederate officers during the Civil War. A Confederate cemetery is still maintained there. Certain areas within the development itself are of historical significance. Appellant's brief recites the various approvals and dispensations necessary before development can proceed: the United States Army Corp of Engineers, the Ohio Department of Natural Resources, the Ohio Environmental Protection Agency, the Ohio Historic Preservation Office, the National Park Service, and the Advisory Council on Historic Preservation. Additionally, appellant suggests that its project has given rise to a certain amount of antipathy from adjacent property owners which manifested itself in this and other lawsuits. See, *e.g., Johnson's Island Club, Inc. v. Baycliffs Corp.* (1992), 82 Ohio App.3d 140, 611 N.E.2d 487. Because of these extraordinary complications, appellant maintains that the planning commission's refusal to extend its one-year compliance policy is unreasonable and it should be enjoined from voiding its conditional approval.

Alternatively, appellant contends that the pendency of litigation which prevents a developer from timely satisfying conditions attached to a final plat approval should automatically toll the time limit which has been established or should act to delay the beginning of the time limit until final adjudication of the pending lawsuit. Appellant argued to the trial court that the R.C. Chapter 2506 appeal of the planning commission's conditional approval caused uncertainty as to appellant's ability to proceed with its plan. Because of this uncertainty, appellant's financial lenders were unwilling to advance construction funds which were needed to satisfy some of appellee's conditions precedent. Appellant contends that the net effect of the appeal, in combination with an inflexible time requirement, is that any "nimby"[2] has the capacity to block a project merely by bringing suit. The inherent delays in the normal course of a lawsuit may then effectuate the remedy an opponent seeks without any court ever reaching the merits of the case.[3]

---

**2.** The word "nimby" is an acronym for the phrase "not in my back yard." The word is normally used to refer to someone who generally favors a project so long as that project is not located near him or her.

**3.** See our decision and judgment entry of October 26, 1992, on appellant's motion to dismiss for lack of appealability.

The trial court rejected both of appellant's arguments. It found injunctive relief unavailable because appellant suffered no irreparable harm. Since appellant was not barred from refiling its application, the trial court found appellant had an adequate remedy at law. According to the trial court, it was appellant who chose to file for the plat approval when it did. In doing so, the trial court noted, appellant accepted the risk that it might not be able to timely satisfy the conditions imposed by appellee and cannot now complain when it encounters insurmountable obstacles.

With respect to the question whether the R.C. Chapter 2506 appeal automatically tolls the imposed time limits, the trial court dismissed appellant's legal arguments as "simply not applicable to the facts before this Court."

Appellant's policy arguments as they relate to the issuance of an injunction or an automatic tolling of time are persuasive. Appellant directs our attention to authority from several other jurisdictions which have held that, while the goal of controlling development is worthwhile and desirable, such a goal must not subsume the development itself. To fail to toll time during the pendency of a legal challenge by adjoining property owners "would make development a pure gamble; success would depend on the whim of adversaries to litigate or not." *Preseault v. Wheel* (1974), 132 Vt. 247, 255, 315 A.2d 244, 248. Such a result would contravene the policy that a developer who diligently proceeds in good faith should be able to do so with assurance. *Id.;* accord *Belfer v. Bldg. Comm. of Boston* (1973), 363 Mass. 439, 442–444, 294 N.E.2d 857, 859; see, also, *Krekeler v. St. Louis Cty. Bd. of Zoning Adjustment* (Mo.1967), 422 S.W.2d 265, 269; *Tantimonaco v. Zoning Bd. of Review* (1967), 102 R.I. 594, 232 A.2d 385; *Shellburne, Inc. v. Roberts* (1968), 43 Del.Ch. 485, 238 A.2d 331. Additionally, appellant argues, its position has been, at least inferentially, adopted by the Supreme Court of Ohio in *Duncan v. Middlefield* (1986), 23 Ohio St.3d 83, 88, 23 OBR 212, 216, 491 N.E.2d 692, 697, at fn. 3, wherein the court instructed that the time for proceeding with construction authorized in 1980, but then legally contested, "will begin to run from the date of today's decision."

While appellant's arguments for an automatic stay are compelling and the specter of the adversaries of development prevailing without a hearing on the merits exemplifies the unjust, we must be cautious to fashion a remedy with no greater breadth than necessary. We are mindful that in other circumstances, with other parties, a developer may not be proceeding with due diligence. In other circumstances, the passage of time may be accompanied by a change of conditions which would cause an automatic stay to prejudice a community. For these reasons, we decline to hold that a legal challenge to a conditional final plat approval automatically extends the time for compliance with the conditions.

Instead, we hold that where a final plat approval has been made on condition that specific deficiencies be corrected within a specified time, and the

developer of that approved plat is prevented from satisfying the named conditions by the legal intervention of third-party adversaries, the developer's time within which to comply with the conditions should be tolled when it is equitable to do so. The mechanism by which this may be accomplished is by the issuance of a preliminary injunction pursuant to Civ.R. 65 ordering that the *status quo* be preserved until there can be a full trial on the merits. See McCormac, Ohio Civil Rules Practice (2 Ed.1992) 403 *et seq.*

We also hold that a party's ability to make a new application for another plat approval is not an adequate remedy at law so as to preclude equitable relief when new or additional conditions may result from such application. Accordingly, we find that in this case the trial court acted unreasonably and arbitrarily when it dissolved the temporary restraining order and refused to grant appellant's motion for a preliminary injunction. Appellant's first assignment of error, insofar as it asserts error in the trial court's refusal to grant injunctive relief, is found well taken. Appellant's third assignment of error is found moot.

Upon consideration whereof, the court finds that substantial justice has not been done the party complaining, and the judgment of the Ottawa County Court of Common Pleas is reversed. This cause is remanded to said court for further proceedings not inconsistent with this decision. It is ordered that appellee pay the court costs of this appeal.

*Judgment reversed*
*and cause remanded.*

GLASSER, P.J., and ABOOD, J., concur.