YUDIN et al., Appellants,

v.

KNIGHT INDUSTRIES CORPORATION et al., Appellees.

[Cite as *Yudin v. Knight Industries Corp.* (1996), 109 Ohio App.3d 437.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–95–260.

Decided March 15, 1996.

*Marvin A. Robon* and *George R. Elder,* for appellants.

*Richard S. Walinski, Theodore M. Rowen* and *Kenneth C. Baker,* for appellees.

*Per Curiam.*

This case is an accelerated appeal from a judgment of the Lucas County Court of Common Pleas. Appellants Ross Yudin and Murray Yudin are appealing the trial court's stay, pending arbitration, of their complaint for a preliminary injunction. For the reasons discussed below, we reverse the decision of the trial court.

The facts of this case, up to the summer of 1995, are as follows. Knight Industries Corporation is a close corporation equally owned by the Yudin and Ebeid families, including Ross Yudin, Murray Yudin and appellee Russell J. Ebeid. Murray Yudin and Russell Ebeid each own fifty percent of the voting stock; the remaining family members own nonvoting stock. The board of directors of Knight Industries consists of Murray Yudin, Russell Ebeid and Robert Gardner. Ross Yudin is the president of Knight Industries. All shareholders entered into a shareholder agreement defining their various rights and responsibilities. Included in the shareholder agreement were noncompetition, stock-redemption and arbitration clauses.

The Yudins allege that, beginning in the summer of 1995, the Ebeid family took steps to prevent Knight Industries from acquiring essential supplies. The Yudins also allege that they initially attempted to purchase the Ebeid family shares as provided for under the stock redemption clause. However, on July 31, 1995, at a special board of director's meeting, Ebeid and Gardner found that Ross Yudin and Murray Yudin had violated the noncompetition clause of the shareholder agreement. Ebeid and Gardner voted to terminate Ross Yudin as president and terminate Murray Yudin as director. Ebeid and Gardner also voted to purchase all the shares owned by the Yudin family as provided for under the stock-redemption clause.

On that same date, Ross and Murray Yudin filed a complaint for a temporary restraining order, preliminary injunction and permanent injunction to prevent the termination of the Yudins' positions with Knight Industries and the redemption of the Yudins' stock. The case was assigned to Judge Judith Ann Lanzinger, who was on vacation. Therefore, a conference was held before Judge Ruth Ann Franks, the civil duty judge for the day. At the conference, the parties agreed that a hearing on the preliminary injunction would be held on August 14, 1995, before Judge Lanzinger. However, on August 4, 1995, Russell Ebeid filed a motion to compel arbitration and for a stay of all proceedings pending arbitration. On that same date, Judge Lanzinger held a hearing on Ebeid's motion. At the conclusion of the hearing, the court issued judgment referring the matter to arbitration as provided for under the shareholder agreement. The trial court also stayed all further proceedings before it pending arbitration, including the

Yudins' complaint for a preliminary injunction. The preliminary injunction hearing, originally scheduled for August 14, 1995, was vacated.

It is from this judgment that the Yudins raise the following sole assignment of error:

"The trial court erred to the prejudice of the appellants and/or abused its discretion when it ordered that this entire matter be stayed and that the case be referred to arbitration without first allowing the scheduled hearing and ruling on appellants' motion for a preliminary injunction."

██ The purpose of a preliminary injunction is to preserve the status quo of the parties pending final adjudication of the case upon the merits. *Cardinale v. Ottawa Regional Planning Comm.* (1993), 89 Ohio App.3d 747, 754, 627 N.E.2d 611. In *Corna & Co. v. Camelot Invest. Corp.* (Sept. 25, 1990), Franklin App. No. 90AP–23 unreported, 1990 WL 140608, the Tenth District Court of Appeals remanded the case to the trial court "to determine whether a temporary injunction is appropriate and necessary for the protection of the plaintiff's interest during the pendency of the arbitration." Therefore, we hold that while a trial court may stay proceedings pending arbitration, it may not stay proceedings on a motion for a preliminary injunction pending arbitration. A ruling on such a motion is necessary to determine if there is a need to preserve the status quo pending an arbitrator's decision on the merits. Therefore, we find that the trial court erred, as a matter of law, in failing to rule on the motion for a preliminary injunction. Accordingly, the sole assignment of error is found well taken.

Upon due consideration, the decision of the Lucas County Court of Common Pleas is reversed. This case is remanded to the court for the purpose of ruling on the Yudins' motion for a preliminary injunction. Appellees are ordered to pay the costs of this appeal pursuant to App.R. 24.

*Judgment reversed*
*and cause remanded.*

HANDWORK and GLASSER, JJ., concur.

ABOOD, J., dissents.