JOURNAL ENTRY and OPINION
Buck Consultants, Inc., plaintiff-appellant, appeals from the Cuyahoga County Court of Common Pleas, Civil Division, Case No. 391040, in which the trial court granted David N. Smith's, defendant-appellee, motion for judgment on the pleadings as to the appellant's claim to compel arbitration and motion for partial summary judgment.[1] It is from these orders that the appellant now appeals.
This case arises out of an alleged breach of employment agreement between the appellant and the appellee. The appellant is in the business of providing actuarial, employee benefit, compensation, and management consulting services to its clients. In 1997, the appellant was acquired by and became a subsidiary of Mellon Bank Corporation. As part of the transaction, the appellee was offered employment with the new corporation as a principal and executive compensation consultant in the Cleveland, Ohio office, as well as a substantial premium on his corporation shares.[2]
The appellee's position with the appellant required him to have substantial personal contact with many of the appellant's key clients. Additionally, the appellee, as a result of his position, had access to confidential business information concerning the appellant and the appellant's many clients. Because of this unfettered access, it was essential to the appellant that the appellee sign an agreement stating he would not use the information to compete with the appellant unfairly for the business of these clients if he ever terminated employment with the appellant. In addition to the provisions limiting employment competition, the agreement also provided for the arbitration of employment disputes.
The agreement limiting employment competition contained certain restrictive covenants governing non-disclosure of confidential information, non-performance of services during the post-employment period, and non-solicitation of appellant's employees for a period of twelve (12) months after separation from employment. Further, the agreement required the parties to submit to arbitration any disputes arising under the agreement. Specifically, paragraph 15 of the agreement states:
 15. Arbitration. Except for an action by Buck for temporary, preliminary or permanent injunctive relief to restrain breach of this Agreement, any dispute arising from your employment hereunder, including but not limited to matters of validity, interpretation, and application, shall be determined exclusively by and through final and binding arbitration in New York City, each party hereto expressly and conclusively waiving its right to proceed to a judicial determination with respect to the merits of such arbitrable matters * * *. It is expressly understood and agreed by the parties that a party may compel arbitration pursuant to this Section 15 through an action for specific performance and that any award entered by the arbitrators may be enforced, without further evidence or proceedings, in any court of competent jurisdiction.
In July of 1999, the appellee informed the appellant of his intent to resign from employment with the appellant and begin employment with Watson Wyatt Company, a direct competitor of the appellant. In August of 1999, the appellant informed the appellee of his continuing duties under the restrictive covenants covering non-disclosure of confidential information, non-performance of services during the post employment period, and non-solicitation of appellant's employees. During the next several weeks, the appellant and counsel for Watson Wyatt Company exchanged correspondence in regard to the appellee's compliance or non- compliance with the terms of the agreement. Thereafter, being unable to reach an amicable resolution to the dispute, the appellant, convinced that the appellee was in breach of the agreement, filed this instant action and asked the trial court to compel the appellee to participate in arbitration to resolve the dispute.
The appellant, in its motion for a preliminary injunction, sought to compel the appellee to submit to arbitration for a final determination on the merits of the parties' breach of contract dispute. Specifically, the appellant believes that the appellee breached the portions of the agreement that prohibit him from disclosing, or otherwise using, confidential client and business information; portions of the agreement which prohibited him from using any information, or access to information, to compete with the appellant in any capacity; and portions of the agreement in which the appellee expressly agreed not to solicit or induce any employee of the appellant to leave the employ of the appellant.
The appellant assigns the following four errors for this court's review.
 I. THE TRIAL COURT ERRED IN REFUSING TO STAY ITS CONSIDERATION OF ISSUES SUBJECT TO THE WRITTEN ARBITRATION AGREEMENT.
 II. THE TRIAL COURT ERRED IN REFUSING TO COMPEL ARBITRATION.
 III. THE TRIAL COURT ERRED IN GRANTING JUDGMENT ON THE PLEADINGS AS TO THE ARBITRATION ISSUE.
 IV. THE TRIAL COURT ERRED IN GRANTING PARTIAL SUMMARY JUDGMENT ON AN ISSUE SUBJECT TO ARBITRATION.
Having a common basis in both law and fact, this court will address the appellant's first through fourth assignments of error simultaneously. The appellant in its assignments of error essentially argues that the trial court erred in denying its complaint for injunctive relief enjoining breach of contract pending arbitration and, accordingly, the appellant is seeking an order enforcing the arbitration agreement.
In seeking an injunction, the grant or denial of an injunction is solely within the discretion of the trial court. That decision will not be disturbed upon appeal absent a clear showing of an abuse of discretion. Garono v. State (1988), 37 Ohio St.3d 171, 173, 524 N.E.2d 496. A preliminary injunction is an extraordinary remedy and, as such, the appellant has a substantial burden to meet in order to be entitled to a preliminary injunction. In ruling on a motion for a preliminary injunction, the court must consider whether: (1) the movant has shown a strong or substantial likelihood or probability of success on the merits; (2) the movant has shown irreparable injury; (3) the preliminary injunction could harm third parties; and (4) the public interest would be served by issuing the preliminary injunction. Gobel v. Laing (1967),12 Ohio App.2d 93, 231 N.E.2d 341; Frisch's Restaurant, Inc. v. Shoney's, Inc. (1985), 759 F.2d 1261, 1263. See, also, Goodall v. Crofton (1877), 33 Ohio St. 271.
The term "abuse of discretion" implies that the court's ruling was "unreasonable, arbitrary, or unconscionable." State v. Adams (1980),62 Ohio St.2d 151, 157, 404 N.E.2d 144, 149. Therefore, to find an abuse of discretion we must find that the trial court committed more than an error of judgment. When applying the abuse of discretion standard, a reviewing court is not free merely to substitute its judgment for that of the trial court. In re Jane Doe 1 (1991), 57 Ohio St.3d 135,566 N.E.2d 1181, citing Berk v. Matthews (1990) 53 Ohio St.3d 161,559 N.E.2d 1301.
In reviewing the record, there is no compelling evidence that the trial court abused its discretion in denying the appellant's motion for injunctive relief. As stated, in ruling on a motion for a preliminary injunction, the court must consider whether: (1) the movant has shown a strong or substantial likelihood or probability of success on the merits; (2) the movant has shown irreparable injury; (3) the preliminary injunction could harm third parties; and (4) the public interest would be served by issuing the preliminary injunction. There is no evidence that the trial court did not consider the enumerated factors, nor is there any evidence that in denying injunctive relief the trial court's decision was "unreasonable, arbitrary, or unconscionable. The grant of injunctive relief is an extreme remedy, particulary where the effect would be to interfere with one's right to pursue a chosen livelihood. The trial court was well within its discretion in denying the appellant's motion.
Second, the appellant contends that the trial court incorrectly construed the agreement as expressly excluding from the scope of the arbitration clause an action for injunctive relief. The pertinent arbitration section of the agreement states:
 Except for an action by Buck for temporary, preliminary or permanent injunctive relief to restrain breach of this Agreement, any dispute arising from your employment hereunder, including but not limited to matters of validity, interpretation, and application, shall be determined exclusively by and through final and binding arbitration * * *.
The appellee contends, since the appellant chose to file such an action for injunctive relief with the trial court, the appellant was precluded by the language of the agreement from enforcing the arbitration clause. The appellee asserts the position that when such an action has been pursued, the arbitration provision of the agreement no longer applies to require the arbitration of issues subsumed within that court action. Therefore, by choosing to bring its action for injunctive relief, the appellant is compelled to litigate all of its claims against the appellee from the underlying transaction or occurrence in this one action. This contention is unfounded because by seeking injunctive relief the appellant was only attempting to enjoin the appellee from continuing to allegedly breach the employment agreement until the two parties could obtain arbitration.
The appellee focuses on the language except for an action for temporary, preliminary, or permanent injunctive relief and argues that the definition of the word action is so broad as to deny arbitration. This is simply not the case. The agreement allows for the appellant to seek an injunction to restrain breach of this agreement while pending arbitration. The appellant's verified complaint clearly states, For injunctive relief enjoining breach of contract pending arbitration, * * *. There is no reason to believe that by seeking preliminary relief to protect the status quo and compel arbitration should prevent the appellant from enjoying the benefit of the arbitration agreement. This court in Cleveland Indus. Square v. City of Cleveland (Mar. 9, 1995), Cuyahoga App. No. 67068, 1995 Ohio App. LEXIS 830, clearly stated that the purpose of a preliminary injunction is to maintain the status quo until the final hearing. Citing Cardinale v. Ottawa Reg. Planning Com'n. (1993),89 Ohio App.3d 747, 627 N.E.2d 611.
This court in Dunn, et al. v. LM Building Inc., et al. (Oct. 26, 2000), Cuyahoga App. No. 77399, unreported, has described the standard for the construction of an arbitration clause as follows:
 Ohio and federal courts encourage arbitration to settle disputes. ABM Farms Inc. v. Woods (1998), 81 Ohio St.3d 498, 500, 692 N.E.2d 574; see, also, Williams v. Aetna FinCo.(1998), 83 Ohio St.3d 464, 700 N.E.2d 859. We are mindful of the strong presumption in favor of arbitration as an efficient and economical alternative dispute mechanism. See Schaefer v. Allstate Ins. Co. (1992), 63 Ohio St.3d 708, 711, 590 N.E.2d 1242; Gaffney v. Powell (1995), 107 Ohio App.3d 315, 320, 668 N.E.2d 951. An arbitration clause in a contract is generally viewed as an expression that the parties agree to arbitrate disagreements within the scope of the arbitration clause, and with limited exceptions an arbitration clause is to be upheld just as any other provision in a contract should be respected. Council of Smaller Enterprises v. Gates, McDonald Co. (1998), 80 Ohio St.3d 661, 668, 687 N.E.2d 1352.
As stated, in resisting the application of the agreed upon arbitration clause, the appellee contends that the appellant was not permitted to seek preliminary injunctive relief to maintain the status quo pending arbitration. This argument is unfounded because a fair reading of the agreement requires arbitration of the dispute between the parties and the appellant was well within its rights to institute an action in order to facilitate arbitration. Likewise, in accordance with Dunn, supra, we are mindful of the strong presumption in favor of arbitration as an efficient and economical alternative dispute mechanism. To deny arbitration because the appellant sought an injunction to enjoin a perceived breach is against the very nature of the employment agreement.
Last, in regard to the appellant's fourth assignment of error, the trial court should never have reached the issue because arbitration was required as discussed infra. The trial court should not have granted appellee's motion for partial summary judgment because the parties agreed to arbitrate the issue in the employment agreement. Therefore, the trial court was precluded from entering judgment in favor of the appellee for partial summary judgment.
Accordingly, this court sustains the trial court's denial of injunctive relief.
Judgment affirmed in part, reversed in part and remanded to the trial court for referral to arbitration consistent with this opinion.
This cause is affirmed in part, reversed in part and remanded to the trial court for referral to arbitration consistent with this opinion.
Costs to be divided equally between plaintiff-appellant and defendant-appellee.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, J., CONCURS, KENNETH A. ROCCO, P.J., CONCURS WITH SEPARATE OPINION.
[1] Co-DefendantWatson Wyatt was voluntarily dismissed from the instant action.
[2] In 1994, the appellee joined Buck Consulting in their Cleveland, Ohio office, and remained in the Cleveland office for all of the five years he worked for the appellant. Prior to joining the appellant, the appellee worked in the executive compensation field for twenty years developing extensive client contacts and business developments.