OPINION
{¶ 1} This case arises from a decision of the Marion County Common Pleas Court holding that a public interest was created in Tract A of the Marion Meadows subdivision in Marion, Ohio. Plaintiffs-Appellants/Cross-Appellees, a group of seventy-five homeowners from Marion Meadows, ("Plaintiffs") assert the trial court erred when it found the public had an interest in Tract A. On cross appeal, Defendant-Appellee/Cross-Appellant, MRN Property Management, LLC, ("MRN") maintains that the trial court erred when it extended the preliminary injunction prohibiting construction of a road over Tract A. Because a public interest was created in Tract A upon the approval and recordation of the plat, we must overrule Plaintiffs' assignment of error and affirm the decision of the trial court. In regards to the cross appeal, because the conditions of the preliminary injunction are impossible to comply with, we must reverse the trial court's judgment and remand the cause for further proceedings consistent with this opinion.
 {¶ 2} James W. Weaver was the original owner and developer of what is today known as Marion Meadows subdivision, in which the disputed parcel, Tract A, is located. In 1963, Weaver had the plat for Marion Meadows approved and recorded. The recorded plat contained the following language relevant to Tract A, "compromising 87 lots and 5 dedicated streets, 2 tracts, `A' `B', reserved for roadway purposes" (emphasis added). The plat also included the following paragraph:
 Dedication
Know all Men by these presents: That we, the undersigned owners in fee simple of all the lands embraced in hereon named subdivision do herby approve the plan and survey of same and do dedicate the streets and ways of width as shown to public use according to governing laws.
The undersigned owners referred to in this paragraph were Weaver and his wife.
 {¶ 3} Recorded at the same time as the plat was a separate document containing covenants and easements relating to Marion Meadows. The relevant portion of the covenants and easements stated that, "Tracts A and B may be used either for street or residential purposes."
 {¶ 4} Prior to recording the Marion Meadows plat, Weaver sold property to Murphy Realty that he owned adjacent and to the west of Marion Meadows. Tract A is positioned in Marion Meadows directly adjacent to the land Weaver sold to Murphy Realty. Weaver expected Murphy Realty to develop the land to the west into a neighborhood complimentary with Marion Meadows. It was contemplated that Tract A would serve as a connecting road between Marion Meadows and Murphy Realty's lands.
 {¶ 5} Subsequent to Weaver's recording of the plat, Murphy Realty changed its mind and stated its intention to build a trailer park on the land. Weaver attempted to block the building of the trailer park by several legal methods, including a failed attempt to vacate Tract A.
 {¶ 6} After his failed attempt to vacate Tract A, Weaver sold Tract A to John Courtwright. Courtwright had previously bought the land to the west of Marion Meadows from Murphy Realty, and wanted Tract A in order to construct a road over it. Ultimately, both Tract A and the Courtwright/Murphy land came under the common ownership of MRN.
 {¶ 7} MRN, desiring to develop the adjacent land to the west of Marion Meadows, began construction of a road over Tract A. Thereupon, the Plaintiffs brought another petition before the Marion County Commissioners to attempt to have Tract A vacated. After the County Commission again refused to vacate Tract A, the Plaintiffs initiated the current suit, seeking to have the court declare that no public interest ever arose in Tract A and seeking a permanent injunction barring the development of Tract A as a road.
 {¶ 8} Before trial, a preliminary injunction was granted, preserving the status quo, and barring further construction of the road over Tract A pending the outcome of the litigation. After the presentation of the evidence, the court found a public interest had been created in Tract A, and, as such, MRN was permitted to construct a road over it. However, the court ordered that the preliminary injunction was to stay in effect until the County Engineer approved MRN's proposed road plans, and the County Commissioners agreed to accept the road.
 {¶ 9} It is from this judgment that both parties appeal, with each side presenting one assignment of error.
Appellants' Assignment Of Error
The trial court erred in finding that Tract A in Marion Meadows Addition recorded in Plat Book Volume 5, Page 162, Recorder's Office, Marion County, Ohio, was a public street.
Appellee's Cross Assignment Of Error
The Trial Court erred as a matter of law when, after declaring Tract A a public street, it continued the preliminary injunction against construction until after acceptance and approval by the County Engineer and County Commissioners.
 {¶ 10} In their assignment of error, Plaintiffs assert the public never gained an interest in Tract A. Consequently, they argue, MRN can not build a road over Tract A because the current zoning laws prohibit building a private commercial access road across property currently zoned residential. However, zoning laws do not apply to public roadways, therefore, we must first address whether Tract A ever became a public roadway.
{¶ 11 A roadway becomes public through either compliance with the applicable statutory law or under the common law.[1] Under the statutory law, once a plat is approved and recorded, fee title to all land on the plat which is designated or intended for streets passes to the state.[2]
Furthermore, in 1963 there was no time span within which a developer had to construct a proposed street after recording the plat. Because we find that Tract A meets all of the statutory requirements for land to become a public roadway, we do not address the common law theory.
 {¶ 12} As stated above, the public gains an interest in a roadway if the roadway has been designated and intended for use by the public on an approved and recorded plat. Neither party in the case herein contests the fact the plat was both properly approved and recorded. As a result, the only remaining issue is Weaver's intent at the time he created the plat.
 {¶ 13} The language on the face of the plat itself indicates Tract A was designated and intended as a public roadway. The plat clearly states that Tract A is to be, "reserved for roadway purposes." Furthermore, another paragraph, under the heading of "dedication," dedicates all the "ways of width" for public use. Weaver, the architect of the plat and its language, testified that he intended the term "ways of width" to include Tract A.
 {¶ 14} Plaintiffs contend that the county engineer's testimony establishes that the phrase "ways of width" refers to easements and not lots or streets. However, an examination of the engineer's complete testimony reveals that he admits he was only guessing at what the architect of the plat meant by the term. Herein, however, the architect of the plat, Weaver, testified as to what he meant by the phrase. A plain reading of the language on the face of the plat shows that Tract A was intended to be a street.
 {¶ 15} Weaver's intentions toward Tract A were further evidenced by his failed attempt to vacate Tract A. It would be logically inconsistent for Weaver to attempt to vacate an interest which he never believed or intended to have arisen. Weaver also testified that in anticipation of Tract A becoming a road he made physical improvements to it such as leaving the center out and putting in curb cuts. It is clear from Weaver's testimony and actions that he always intended to designate Tract A as a public roadway.
 {¶ 16} Plaintiffs point to language in the covenants and restrictions, which were recorded along with the plat, as evidence of intent not to designate Tract A as a street. Specifically, they cite the sentence, "Tracts A and B may be used either for street or residential purposes." Despite being recorded at the same time as the plat, the covenants and restrictions are actually part of a separate document. Notably, the Supreme Court has held that covenants and restrictions are not applicable to a roadway which has been designated for public use.[3]
Moreover, Weaver testified that the phrase did not affect his intentions that Tract A was to be a roadway; it merely allowed the future owner to have some possible flexibility in the event Tract A was ever vacated.
 {¶ 17} After reviewing the record in its entirety, we have determined that the trial court did not err in finding that Weaver recorded an approved plat with the intention to designate Tract A as a public roadway. Accordingly, the fee title to Tract A vested in the state as a public roadway. Because zoning laws do not apply to public roadways, we will not further address Plaintiffs' arguments. Accordingly, we must overrule Plaintiff's assignment of error and thereby affirm the judgment of the trial court as to that issue.
 {¶ 18} In its cross assignment of error, MRN contends the court erred by basing the continuation of the preliminary injunction upon conditions which MRN is unable to achieve.
 {¶ 19} An appellate court reviews the trial court's decision to grant or deny an injunction under the abuse of discretion standard.[4]
An abuse of discretion indicates a decision that is unreasonable, arbitrary or unconscionable.[5] Normally, a preliminary injunction is invoked only to preserve the status quo of the parties pending the final judgment on the merits.[6] However, a court may properly extend the preliminary injunction in situations where it seeks to impose reasonable conditions upon its judgment.[7]
 {¶ 20} The trial court in this case ordered the continuation of the preliminary injunction prohibiting MRN from constructing a road over Tract A until certain conditions were met. Among these was the condition that the County Commissioners accept the roadway. The testimony of the Chief Deputy of the Marion County Engineer's Office established that in fact a street will not be accepted until such time as it is actually constructed. In effect, the trial court has created a situation where MRN can not build a road until it is accepted, and the County Commissioners will not accept the road until it is built. The two propositions can not coexist in harmony.
 {¶ 21} In the case herein, the trial court obviously extended the preliminary injunction because it wanted to ensure the road was constructed properly and was not a threat to public safety. This is an admirable and proper admonition of the trial court, and certainly falls within its discretion. However, the condition that the County Commissioners accept such roadway before it is built is not feasible and therefore unreasonable. Because this condition is unreasonable, we must find that the trial court abused its discretion in continuing the preliminary injunction with that condition.
 {¶ 22} Therefore, we must vacate the preliminary injunction, and remand the cause to the trial court for further consideration of the preliminary injunction consistent with this opinion.
 {¶ 23} Having found no error prejudicial to the original appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court. However, having found error prejudicial to the cross-appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
Judgment affirmed in part; reversed and cause remanded.
SHAW and CUPP, JJ., concur.
[1] Allen v. Miskovic (Feb. 28, 2001), 9th Dist. No. 00CA007664, unreported; Neeley v. Green (1991), 73 Ohio App.3d 167, 170.
[2] R.C. 711.11; Eggert v. Puleo et al. (1993), 67 Ohio St.3d 78,80-81, citing Kellogg v. Cincinnati Traction Co. . (1909), 80 Ohio St. 331,343.
[3] Eggert, 67 Ohio St.3d at 86, citing, Norfolk Western Ry. Co.v. Gale (1928), 119 Ohio St. 110, 113; Wallace v. Clifton Land Co.
(1915), 92 Ohio St. 349, paragraph three of the syllabus.
[4] Garono v. State (1988), 37 Ohio St.3d 171, 173; Perkins v.Village of Quaker City, 165 Ohio St. 120; syllabus.
[5] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
[6] Bexley v. Duckworth (Mar. 7, 2000), 10th Dist. No. 99AP-414, unreported, citing, Univ. of Texas v. Camenisch (1981) 451 U.S. 390; see, also, Yudin v. Knight IndustriesCcorp. (1996), 109 Ohio App.3d 437,439, citing, Cardinale v. Ottawa Regional Planning Comm. (1993),89 Ohio App.3d 747, 754.
[7] Consun Food Industries, Inc. v. Fowkes (1991), 81 Ohio App.3d 63,70.