THE STATE EX REL. CNG FINANCIAL CORPORATION, APPELLANT,
*v.* NADEL, JUDGE, ET AL., APPELLEES.

[Cite as *State ex rel. CNG Financial Corp. v. Nadel,*
111 Ohio St.3d 149, 2006-Ohio-5344.]

(No. 2006–0730—Submitted September 20, 2006—Decided November 1, 2006.)

**Per Curiam.**

{¶ 1} This is an appeal from a judgment dismissing a complaint for a writ of prohibition to prevent a common pleas court judge from proceeding on a motion for preliminary injunction in an action for declaratory and injunctive relief and to compel the judge to refer the dispute to arbitration and for a writ of procedendo to require the judge to immediately decide a motion to compel arbitration of the dispute and stay the common pleas court proceedings. We affirm.

Close–Corporation and Option Agreements

{¶ 2} Appellant, CNG Financial Corporation ("CNG"), is a closely held S corporation[1] that has four shareholders: appellee Allen L. Davis ("Davis"), his two sons, Jared and David, and David Rosenberg. CNG is governed by a December 27, 2002 close-corporation agreement between the original shareholders: Allen, Jared, and David Davis. The agreement provides for binding arbitration if any of the original shareholders disputes "any matter arising out of or relating to" the agreement.

{¶ 3} As purportedly part of a divorce settlement between Davis and his then wife, CNG redeemed company shares from her and assumed her obligation under her grant of an option to Davis to purchase the shares. To effectuate the option, CNG and Davis entered into an "amended and restated option agreement," which became effective on December 27, 2002, the same date as the close-corporation agreement.

{¶ 4} Under the option agreement, Davis could make a "cashless exercise" to receive, without additional consideration, a certain portion of the shares then subject to the option.

---

1. "S corporation" is defined in the Internal Revenue Code at Section 1361, Title 26, U.S.Code.

{¶ 5} In August 2004, Davis exercised his cashless option and received $37 million worth of CNG stock. CNG treated the value of the CNG stock received by Davis as his compensatory income, which would be taxable to Davis.

### Declaratory and Injunctive Relief

{¶ 6} Davis opposed the characterization of the stock transfer as income to him. On February 22, 2005, Davis filed a complaint for declaratory and injunctive relief in the Hamilton County Court of Common Pleas. Davis requested a declaratory judgment finding that "the cashless option was a part of a division of marital property [from his divorce], determines the number of shares of CNG that * * * Davis is entitled to receive by his exercise of the cashless option, and determines the identity of the shareholders of CNG entitled to vote and receive dividends on December 31, 2003, and thereafter, and the number of shares controlled by each of the identified shareholders"; an injunction "requiring CNG to take the appropriate action to comply with the declaratory judgments issued by the Court"; and an "award consisting of specific performance and an award of compensatory, restitution and punitive damages to * * * Allen Davis sustained as a result of * * * CNG's wrongdoing in an amount to be proven at trial." Davis also requested a "preliminary injunction to enjoin CNG from scheduling and holding shareholders' meetings; issuing shares of common stock and other securities; and destroying records and documents related to CNG's characterization of * * * Davis' exercise of a cashless option pursuant to the Amended and Restated Option Agreement, dated December, 2002 and documents related to the identity of CNG shareholders."

{¶ 7} On March 10, 2005, before any proceedings could begin in the common pleas court, CNG removed the case to a federal district court. On April 4, 2005, the federal court granted Davis's motion for a temporary restraining order and enjoined CNG from conducting any shareholders' meetings, issuing debt instruments or equity securities, or declaring and paying any dividends. On April 26, 2005, the federal court concluded that the case presented no federal question and remanded the case to the common pleas court.

{¶ 8} On May 5, 2005, CNG filed a motion to compel arbitration and stay proceedings in the common pleas court case. CNG argued that Davis's claims arose out of the close-corporation agreement and that they were thus subject to that agreement's binding-arbitration clause. On May 6, 2005, the common pleas court issued a temporary restraining order that, like the one previously issued by the federal district court, enjoined CNG from holding shareholder meetings, issuing debt instruments or equity securities, and paying dividends.

{¶ 9} A hearing on Davis's request for a preliminary injunction began on May 13, 2005, but has been continued for various reasons several times since that date.

At one time, Davis and CNG had agreed to a temporary, one-month "stand still" agreement permitting the preliminary-injunction motion to proceed.

{¶ 10} On July 8, 2005, Davis filed a memorandum in opposition to CNG's motion to compel arbitration and stay proceedings. Davis argued that the court should defer ruling on CNG's arbitration request until it has ruled on his motion for a preliminary injunction. Davis further claimed that the parties' option agreement did not require them to arbitrate their dispute. On July 19, 2005, appellee Judge Norbert Nadel of the common pleas court, who presides over Davis's case, specified that he would consider other motions, e.g., CNG's motion to compel arbitration and stay proceedings, after he heard and decided the preliminary-injunction motion.

### Prohibition and Procedendo

{¶ 11} On February 3, 2006, CNG filed a complaint in the Court of Appeals for Hamilton County demanding (1) a writ of prohibition to direct Judge Nadel to terminate the common pleas court case instituted by Davis and submit the dispute to arbitration and (2) a writ of procedendo directing Judge Nadel to forthwith decide CNG's motion to compel arbitration and to terminate further proceedings in the underlying case until he has ruled on the motion. The court of appeals granted Davis's motion to intervene in the case, and he filed a memorandum in opposition to CNG's motion for a peremptory writ. Judge Nadel filed a motion to dismiss CNG's complaint. On March 23, 2006, the court of appeals granted Judge Nadel's motion and dismissed CNG's complaint for extraordinary relief.

{¶ 12} This cause is now before the court upon CNG's appeal as of right.

{¶ 13} CNG asserts that the court of appeals erred in dismissing its prohibition and procedendo claims. The court's Civ.R. 12(B)(6) dismissal of CNG's complaint for failure to state a claim upon which relief can be granted is proper if, after presuming the truth of all factual allegations of the complaint and making all reasonable inferences in CNG's favor, it appears beyond doubt that CNG can prove no set of facts entitling it to the requested extraordinary relief in prohibition and procedendo. See, e.g., *State ex rel. Buck v. Maloney*, 102 Ohio St.3d 250, 2004-Ohio-2590, 809 N.E.2d 20, ¶ 6. With this standard guiding our analysis, we next consider CNG's claims.

### Prohibition

{¶ 14} Prohibition will not issue if the party seeking the writ has an adequate remedy in the ordinary course of law. *State ex rel. Ahmed v. Costine*, 103 Ohio St.3d 166, 2004-Ohio-4756, 814 N.E.2d 865, ¶ 4. In the absence of a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging that jurisdiction

has an adequate remedy by appeal. *Dzina v. Celebrezze*, 108 Ohio St.3d 385, 2006-Ohio-1195, 843 N.E.2d 1202, ¶ 12.

{¶ 15} Judge Nadel does not patently and unambiguously lack jurisdiction to proceed to determine Davis's request for a preliminary injunction. Judge Nadel and the common pleas court have basic statutory jurisdiction over actions for injunction and declaratory judgment. R.C. 2727.03 and 2721.02; *State ex rel. Blackwell v. Crawford*, 106 Ohio St.3d 447, 2005-Ohio-5124, 835 N.E.2d 1232, ¶ 22.

{¶ 16} Moreover, there is precedent cited by appellees that appears to support Judge Nadel's decision to hear and determine Davis's motion for a preliminary injunction before determining CNG's motion to compel arbitration. "When a trial court is faced with a motion to stay pending arbitration and a motion for a preliminary injunction, the motion for a preliminary injunction should be heard first." *Dunkelman v. Cincinnati Bengals, Inc.*, 158 Ohio App.3d 604, 2004-Ohio-6425, 821 N.E.2d 198, ¶ 44; *Yudin v. Knight Industries Corp.* (1996), 109 Ohio App.3d 437, 439, 672 N.E.2d 265 ("while a trial court may stay proceedings pending arbitration, it may not stay proceedings on a motion for a preliminary injunction pending arbitration").

{¶ 17} Other courts have reached comparable conclusions. See, e.g., *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Kramer* (N.D.Ohio 1992), 816 F.Supp. 1242, 1245, and cases cited therein ("the Court agrees that the great weight of [federal] circuit authority favors consideration of [preliminary] injunctive relief in this type of a controversy even though a motion for stay of proceedings pending arbitration has been filed"); *Danieli & C. Officine Meccaniche S.p.A. v. Morgan Constr. Co.* (D.Mass.2002), 190 F.Supp.2d 148, 154 ("Notwithstanding the arbitrability of the parties' dispute, the Court has the authority to grant preliminary injunctive relief to preserve the status quo pending arbitration provided the prerequisites for injunctive relief are met").

{¶ 18} Finally, even if, as CNG asserts, these cases are distinguishable based on the peculiar facts alleged here, it is not altogether clear whether Davis's claims in the underlying case are necessarily subject to the arbitration clause of the parties' close-corporation agreement. In this regard, Davis asserted in the underlying action that his claims emanate from the option agreement, which does not contain an arbitration clause, and that the prerequisites specified in the arbitration clause of the parties' close-corporation agreement, i.e., the designation of a committee to initially attempt to resolve the dispute, never occurred so as to warrant CNG's relief requested in its complaint that the matter be referred to the American Arbitration Association. We express no opinion on the ultimate arbitrability of the underlying case or the possible merit of Davis's claims because our review is limited to a determination of whether Judge Nadel patently and unambiguously lacks jurisdiction to proceed on Davis's motion for preliminary

injunction. *State ex rel. Douglas v. Burlew,* 106 Ohio St.3d 180, 2005-Ohio-4382, 833 N.E.2d 293, ¶ 16; see, also, *State ex rel. United Auto., Aerospace & Agricultural Implement Workers of Am. v. Bur. of Workers' Comp.,* 108 Ohio St.3d 432, 2006-Ohio-1327, 844 N.E.2d 335, ¶ 60 (court will not indulge in advisory opinions).

{¶ 19} Therefore, because Judge Nadel does not patently and unambiguously lack jurisdiction to proceed on the motion for preliminary injunction in the underlying case for declaratory and injunctive relief, CNG has an adequate legal remedy by way of appeal from any final order issued by the common pleas court. Consequently, CNG's prohibition claim lacks merit. See, e.g., *State ex rel. Tilford v. Crush* (1988), 39 Ohio St.3d 174, 529 N.E.2d 1245 (prohibition claim to prevent trial court from enforcing preliminary injunction properly dismissed because court had jurisdiction to issue preliminary injunction, and relator had adequate remedy by appeal); *Community First Bank & Trust v. Dafoe,* 108 Ohio St.3d 472, 2006-Ohio-1503, 844 N.E.2d 825, ¶ 23 (amendment to R.C. 2505.02 makes orders on certain provisional remedies, like preliminary injunctions, appealable). Any errors in Judge Nadel's decisions in the underlying case would be mere errors in the exercise of jurisdiction rather than errors establishing the lack of subject-matter jurisdiction; these errors are not remediable by extraordinary writ. See, e.g., *Alspaugh v. Boulder Cty. Dist. Court* (1976), 190 Colo. 282, 545 P.2d 1362 (writ of prohibition to challenge the trial court's decision not to compel arbitration denied because any error in the court's determination that the parties had waived the right to arbitration could be corrected on appeal).

### Procedendo

{¶ 20} "A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment." *State ex rel. Weiss v. Hoover* (1999), 84 Ohio St.3d 530, 532, 705 N.E.2d 1227.

{¶ 21} In this case, Judge Nadel has not refused to render a judgment. He has merely ruled that he will decide Davis's motion for preliminary injunction before he determines CNG's motion to compel arbitration and stay the proceedings.

{¶ 22} Furthermore, Judge Nadel's actions do not constitute unnecessary or undue delay. As specified previously, his decision is arguably supported by precedent. See, e.g., *Dunkelman,* 158 Ohio App.3d 604, 2004-Ohio-6425, 821 N.E.2d 198, ¶ 44. In addition, the issues raised in the underlying proceeding are arguably complex; CNG has stated that discovery has resulted in the production of nearly 40,000 documents. See *Chokel v. Celebrezze* (Dec. 19, 2000), Cuyahoga App. No. 78355, 2000 WL 1900332, *2 ("The failure to rule on the motions is not an unnecessary delay, but the result of the complexity of the case, in which the parties have raised multiple issues"). Further, CNG contributed to at least some

of the alleged delay by its unsuccessful attempt to remove the underlying case to federal court and by certain continuances agreed to by CNG or necessitated by its counsel's schedule. Finally, Judge Nadel is statutorily required to give priority to certain criminal matters. R.C. 2938.03.

{¶ 23} Therefore, Judge Nadel has neither refused to render a judgment nor unnecessarily delayed in proceeding to judgment by waiting until he has decided the preliminary-injunction motion before determining CNG's motion to compel arbitration. This case is thus distinguishable from the case that CNG primarily cites in support of its claimed error. Cf. *State ex rel. R.W. Sidley, Inc. v. Crawford,* 100 Ohio St.3d 113, 2003-Ohio-5101, 796 N.E.2d 929, ¶ 22–24 (court of appeals erred in denying writs of procedendo and prohibition to compel judge to enter judgment confirming arbitration award and to prevent him from staying journalization of the judgment because under R.C. 2711.12, the judge had a clear legal duty to enter judgment upon his order and patently and unambiguously lacked jurisdiction to stay journalization of judgment). CNG is thus not entitled to the requested writ of procedendo.

### Conclusion

{¶ 24} Based on the foregoing, the court of appeals did not err in denying CNG's complaint. It appears beyond doubt that CNG is not entitled to the requested extraordinary relief in prohibition and procedendo. Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

---

Dinsmore & Shohl, L.L.P., Mark A. Vander Laan, and George H. Vincent; and Squire, Sanders & Dempsey, L.L.P., Mark J. Ruehlmann, and Pierre H. Bergeron, for appellant.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Christian J. Schaefer and Jerome A. Kunkel, Assistant Prosecuting Attorneys, for appellee Judge Norbert Nadel.

Waite, Schneider, Bayless & Chesley Co., L.P.A., Stanley M. Chesley, James R. Cummins, Paul M. De Marco, and Terrence L. Goodman, for appellee Allen L. Davis.