[Cite as *State ex rel. Ostrowski v. Park*, 2012-Ohio-4813.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| STATE EX REL. CHAD A. OSTROWSKI | : | JUDGES: |
|  | : | Patricia A. Delaney, P.J. |
|  | : | William B. Hoffman, J. |
|  | : | Julie A. Edwards, J. |
| Relator | : |  |
|  | : | Case No. 2012 CA 00121 |
| -vs- | : |  |
|  | : |  |
|  | : | O P I N I O N |
| HONORABLE DIXIE N. PARK | | |
|  |  |  |
| Respondent | | |

CHARACTER OF PROCEEDING:        Writ of Procedendo Complaint

JUDGMENT:                                         Writ Issued

DATE OF JUDGMENT ENTRY:          October 15, 2012

APPEARANCES:

For Relator                                       For Respondent

CRAIG T. CONLEY                             JOHN D. FERRERO
604 Huntington Plaza                        Prosecuting Attorney
220 Market Avenue South                  Stark County, Ohio
Canton, Ohio  44702

                                                       BY: ROSS RHODES
                                                       Assistant Prosecuting attorney
                                                       Chief of the Civil Division
                                                       110 Central Plaza South, Suite 510
                                                       Canton, Ohio  44702

*Edwards, J.*

**{¶1}** Relator, Chad Ostrowski, has filed a Complaint in Procedendo requesting this Court order the trial court to lift a stay in the underlying adoption petition. Respondent has filed a Motion to Dismiss.

**{¶2}** Relator filed a Petition for Adoption in the trial court which the trial court stayed pending the resolution of a motion for visitation in the Stark County Court of Common Pleas, Juvenile Division. Respondent argues a stay of the adoption proceedings is warranted based upon the Supreme Court's holding in *In re Adoption of Pushcar*, 110 Ohio St.3d 332, 2006-Ohio-4572. Relator in turn argues the Respondent's reliance on *Pushcar* is misplaced. For the following reasons, we agree with Relator and grant the requested Writ of Procedendo.

**{¶3}** "A 'writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment.'" *State ex rel. CNG Fin. Corp. v. Nadel,* 111 Ohio St.3d 149, 2006-Ohio-5344, 855 N.E.2d 473, ¶ 20, quoting *Weiss,* 84 Ohio St.3d at 532, 705 N.E.2d 1227.

**{¶4}** "[T]he requirements for a writ of procedendo are met if a judge erroneously stays a proceeding." *State ex rel. Charvat v. Frye,* 114 Ohio St.3d 76, 2007-Ohio-2882, 868 N.E.2d 270, ¶ 15. Consequently, "a writ of procedendo will issue to require a court to proceed to final judgment if the court has erroneously stayed the proceeding." *State ex rel. Watkins v. Eighth Dist. Court of Appeals* (1998), 82 Ohio St.3d 532, 535, 696 N.E.2d 1079." *State ex rel. Sawicki v. Lucas Cty. Court of Common Pleas*, 126 Ohio St.3d 198, 200, 931 N.E.2d 1082, 1086 (2010).

{¶5} The Supreme Court in *Pushcar* held, "[W]hen an issue concerning the parenting of a minor child is pending in the juvenile court, a probate court must refrain from proceeding with the adoption of that child." *Pushcar* at 334. In the instant case, the proceeding pending in the Juvenile Court is a Complaint for Visitation. According to the Complaint for Visitation, paternity has already been established. The subject of the case in *Pushcar* was the establishment of paternity and not merely visitation. The establishment of paternity is a necessary element of an adoption case which is why a stay was necessary in *Pushcar*. Here, the same adoption prerequisite does not exist.

{¶6} Subsequent to its holding in *Pushcar*, the Supreme Court noted that the term "parenting" as used in *Pushcar* was synonymous with "parentage." *In re G.T.B.* 128 Ohio St.3d 502 (2011), at FN2. Parentage clearly refers to the establishment of paternity.

{¶7} We find, *Pushcar* stands for the proposition that a stay must be imposed only where parentage is at issue. Because parentage has been established in this case the trial court erred in imposing a stay.

**{¶8}**   We grant the writ of procedendo and order the trial court to proceed with the adoption case forthwith.

By: Edwards, J.

Delaney, P.J. and

Hoffman, J. concur

_____

_____

_____

JUDGES

JAE/ads0905

[Cite as *State ex rel. Ostrowski v. Park*, 2012-Ohio-4813.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE EX REL. CHAD A. OSTROWSKI | : | |
| | : | |
| Relator | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| HONORABLE DIXIE N. PARK | : | |
| | : | |
| Respondent | : | CASE NO. 2012 CA 00121 |

    For the reasons stated in our accompanying Memorandum-Opinion on file, a Writ of Procedendo is issued.  The stay imposed by the trial court is lifted.  Costs are waived.

_____

_____

_____

JUDGES