OPINION
{¶ 1} Defendants-appellants, Matthew Miller, Charles Johantges, and Two Zero Distribution, Inc., appeal the decision of the Warren County Court of Common Pleas granting plaintiff-appellee's, DK Products, Inc., d/b/a System Cycle ("System Cycle"), motion for a preliminary injunction.
 {¶ 2} System Cycle, a branch of DK Products, Inc., located in Springboro, Ohio, *Page 2 
distributes BMX bicycles, parts and accessories to bicycle retailers throughout the United States. Matthew Miller and Charles Johantges, former employees of System Cycle, were terminated after William Danishek, System Cycle's president, learned that Miller and Johantges disclosed sensitive financial information to vendors and attempted to broker distribution deals for Two Zero Distribution, Inc. ("Two Zero"), a company created by Miller while the pair were still employed by System Cycle.
 {¶ 3} System Cycle filed a complaint against Miller, Johantges and Two Zero (collectively "appellants"), alleging, among other things, claims of tortious interference with business relationship, misappropriation of trade secrets, and breach of good faith and loyalty. System Cycle also moved for a preliminary injunction in an effort to restrain appellants from contacting and soliciting current System Cycle customers and from misappropriating confidential and proprietary information for the benefit of Two Zero. After holding a preliminary injunction hearing, the trial court granted System Cycle's motion.
 {¶ 4} Appellants now appeal the trial court's decision to grant System Cycle's motion for preliminary injunction, raising one assignment of error.
 {¶ 5} "THE TRIAL COURT SUBSTANTIALLY ERRED AND ABUSED ITS DISCRETION TO THE PREJUDICE OF THE DEFENDANTS IN GRANTING SYSTEM CYCLE'S MOTION FOR PRELIMINARY INJUNCTION."
 {¶ 6} The purpose of a preliminary injunction is to preserve the status quo of the parties pending a final adjudication of the case upon the merits. Back v. Faith Properties, L.L.C., Butler App. No. CA2001-12-285, 2002-Ohio-6107, ¶ 36, citing Yudin v. Knight IndustriesCorp. (1996), 109 Ohio App.3d 437, 439. In ruling on a motion for preliminary injunction, a trial court must consider whether (1) the moving party has shown a substantial likelihood that he or she will prevail on the merits of their underlying substantive claim; (2) the moving party will suffer irreparable harm if the injunction is not granted; (3) issuance of the *Page 3 
injunction will not harm third parties; and (4) the public interest would be served by issuing the preliminary injunction. Planck v. CinergyPower Generation Servs., L.L.C., Clermont App. No. CA2002-12-104,2003-Ohio-6785, ¶ 17, citing Sinoff v. Ohio Permanente Med. Group,Inc., 146 Ohio App.3d 732, 741, 2001-Ohio-4186, ¶ 40. The party seeking the preliminary injunction must establish each of these elements by clear and convincing evidence. Vanguard Transp. Sys., Inc. v. EdwardsTransfer Storage Co., Gen. Commodities Div. (1996),109 Ohio App.3d 786, 790.
 {¶ 7} The decision whether to grant or deny injunctive relief is within the trial court's sound discretion and its decision will not be disturbed on appeal absent a clear abuse of that discretion. DanisClarkco Landfill Co. v. Clark Cty. Solid Waste Mgt. Dist.,73 Ohio St.3d 590, 604, 1995-Ohio-301. An abuse of discretion is no mere error of law or judgment, but instead, requires a finding that the trial court's decision is unreasonable, arbitrary or unconscionable. Buchholz v. W.Chester Dental Group, Butler App. No. CA2007-11-292, 2008-Ohio-5299, ¶ 22.
 Tortious Interference With Business Relations {¶ 8} Appellants, in regard to System Cycle's tortious interference with business relations claim, argue that the trial court erred in granting the preliminary injunction because Miller's disclosure of System Cycle's proprietary financial information was not malicious. Appellants also argue that the trial court erred because the evidence presented at the preliminary injunction hearing did not support its finding that System Cycle would suffer irreparable harm if the injunction was not granted. These arguments lack merit.
 {¶ 9} The tort of interference with a business relationship occurs when a person, without privilege to do so, induces or otherwise purposefully causes a third person not to enter into or continue a business relationship with another. Diamond Wine Spirits v. DaytonHeidelberg Dist. Co., Inc., 148 Ohio App.3d 596, 2002-Ohio-3932, ¶ 23. Tortious *Page 4 
interference with a business relationship includes interference with prospective contractual relations not yet reduced to a contract.Knox Mach. v. Doosan Mach., USA, Inc., Warren App. No. CA2002-03-033, 2002-Ohio-5147, ¶ 23.
 {¶ 10} The elements of tortious interference with a business relationship are (1) a business relationship, (2) the tortfeasor's knowledge thereof, (3) an intentional interference causing a breach or termination of the relationship, and, (4) damages resulting therefrom.Knox Mach. at ¶ 23. In turn, the elements of the tort only "require that one intentionally and improperly interfere with the plaintiff's prospective contractual or business relations by (1) inducing or otherwise causing a third person not to enter into or continue the prospective relation, or (2) preventing the plaintiff from acquiring or continuing the prospective relation." Dryden v. Cincinnati Bell Tel.Co. (1999), 135 Ohio App.3d 394, 400.
 {¶ 11} Initially, appellants argue that the trial court erred in granting the preliminary injunction because it "could not find Miller's disclosure of System Cycle's financial status was malicious, because it was not." However, a claim of tortious interference with business relations does not require a showing of malice. Dryden at 400. Therefore, appellants' first argument lacks merit. Id.
 {¶ 12} Next, appellants argue that the trial court erred in granting the preliminary injunction because the evidence presented does not support the trial court's finding that System Cycle would suffer irreparable harm to its reputation in the BMX industry if the injunction was not granted.
 {¶ 13} Irreparable harm is an injury for which there is no plain, adequate, and complete remedy at law, and for which money damages would be impossible, difficult, or incomplete. Lee v. Barber (July 2, 2001), Butler App. No. CA2000-02-014 at 8, citing Cleveland v. Cleveland Elec.Illum. Co. (1996), 115 Ohio App.3d 1, 12. Matters concerning reputation can constitute irreparable harm for which there is no adequate remedy at law. *Page 5 
 Fischer Dev. Co. v. Union Tp. (May 1, 2000), Clermont App. No. CA99-10-100 at 13, citing Robert W. Clark, M.D., Inc. v. Mt. CarmelHealth (1997), 124 Ohio App.3d 308. A showing of irreparable harm requires proof of "actual irreparable harm or the existence of an actual threat of such injury." Mt. Carmel Health at 315.
 {¶ 14} At the preliminary injunction hearing Miller admitted disclosing System Cycle's proprietary financial information, without receiving permission, to a number of System Cycle's vendors.[1] Miller also testified that revealing such information was "pretty devastating." Further, Danishek, System Cycle's president, testified that a number of long-standing business relationships were "sabotaged" and "strained" after Miller revealed System Cycle's financial information. Additionally, the evidence presented indicated that after Miller revealed the information to David Quesada, the owner of FlyBikes, that FlyBikes made an industry wide announcement that it would no longer conduct any business with System Cycle, but instead, work exclusively with Two Zero, appellants newly created BMX distribution company.
 {¶ 15} Based on this information, the trial court found "Miller's actions in discussing proprietary financial information with vendors that [System Cycle] was currently doing business [with] caused [System Cycle] irreparable harm to their reputation in the BMX industry." We agree with the trial court's conclusion, and therefore, appellants' argument lacks merit.
 Misappropriation of Trade Secrets and ProprietaryConfidential Information {¶ 16} Appellants, in regards to System Cycle's misappropriation of trade secrets claim, argue that the trial court erred in granting System Cycle's motion for preliminary injunction because there is no evidence appellants actually misappropriated System Cycle's *Page 6 
trade secrets.[2]
 {¶ 17} To support a claim of misappropriation of a trade secret, there must be evidence of (1) the extent to which the information was known outside the business and (2) the precautions taken to safeguard the information. Rhealy Travel Inc. v. Sullivan (April 2, 1998), Cuyahoga App. No. 73115, 1998 WL 158847 at * 3, citing Biomedical Innovations v.McLaughlin (1995), 103 Ohio App.3d 122, 127.
 {¶ 18} Pursuant to R.C. 1333.62(A), actual or threatened misappropriation of a trade secret may be enjoined and the injunction may continue until the court finds that commercial advantage has dissipated. "Misappropriation," under R.C. 1333.61(B), means, in pertinent part:
 {¶ 19} "(2) Disclosure or use of a trade secret of another without the express or implied consent of the other person by a person who did any of the following:
 {¶ 20} "(a) Used improper means to acquire knowledge of the trade secret;
 {¶ 21} "(b) At the time of disclosure or use, knew or had reason to know that the knowledge of the trade secret that the person acquired * * * was acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use, or was derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use * * *."
 {¶ 22} In this case, appellants argue that the trial court erred in finding there was a probability of success on System Cycle's misappropriation of trade secrets claim because System Cycle failed to provide any evidence that appellants used any of its trade secret information contained in the customer and inventory data lists.
 {¶ 23} Based on the clear language of the statute misappropriation includes not only *Page 7 
the use of trade secrets, but also the disclosure of any trade secret information. See R.C. 1333.61(B)(2). Here, Miller admitted that he discussed System Cycle's trade secret information found in its inventory data list with at least one vendor, FlyBikes, prior to his termination. As a result, whether Miller actually used any of the information on the customer list or inventory data list to promote Two Zero is immaterial to support a finding of misappropriation under R.C. 1333.61(B)(2). Therefore, appellants' first argument lacks merit.
 {¶ 24} Next, appellants argue that the trial court erred in granting the preliminary injunction because the evidence does not support a finding that System Cycle would suffer irreparable harm if the preliminary injunction was not granted.
 {¶ 25} As stated above, a showing of irreparable harm requires proof of "actual irreparable harm or the existence of an actual threat of such injury." Mt. Carmel Health, 124 Ohio App.3d at 315. Further, "the existence of an actual threat of irreparable injury may be established by showing that the employee possessed knowledge of the employer's trade secrets." Hoover Transp. Serv., Inc. v. Frye, (S.D. Ohio 2002),2002 WL 31409888 at * 9.
 {¶ 26} In this case, Miller testified that he e-mailed System Cycle's customer list and inventory data list to his personal e-mail account while still employed with System Cycle. Miller also testified that both lists remained on his personal e-mail account at the time of the preliminary injunction hearing. As a result, because Miller testified that he currently possessed System Cycle's trade secret information, System Cycle has shown that it has suffered or would suffer irreparable harm. See, e.g., Hoover (holding plaintiff suffered threat of irreparable harm when defendant possessed plaintiff's customer data list). Therefore, appellants' second argument lacks merit.
 Breach of Good Faith and Loyalty {¶ 27} Appellants, in regard to System Cycle's breach of good faith and loyalty claim, again argue that the trial court erred in granting the preliminary injunction because the *Page 8 
evidence does not support a finding that System Cycle would suffer irreparable harm if the preliminary injunction was not granted. However, appellants do not provide this court with any further support for this argument, instead they merely claim that the trial court erred when it "relied upon its prior conclusions in this regard."
 {¶ 28} The trial court found System Cycle would suffer irreparable harm if the preliminary injunction was not granted as to System Cycle's breach of good faith and loyalty claim. As a result, because we previously found no error in the trial court's prior determination that System Cycle would suffer irreparable harm if the preliminary injunction was not granted, appellants' argument lacks merit.
 {¶ 29} In light of the foregoing, we find that the trial court did not abuse its discretion in granting System Cycle's preliminary injunction, and therefore, appellants' sole assignment of error is overruled.
 {¶ 30} Judgment affirmed.
WALSH, P.J., and POWELL, J., concur.
[1] Specifically, Miller testified that he merely "alerted friends of mine [i.e. the vendors] that [he] knew were in harms way because of System's financial situation," including the vendors, FlyBikes, We the People, Bicycle Union, Mankind, and Proper, all of which were currently conducting business with System Cycle.
[2] Appellants do not challenge the trial court's finding that the customer list and inventory sales data are trade secrets as defined under R.C. 1333.61(D). *Page 1