[Cite as *DeVore v. Ohio Adult Parole Auth.*, 2023-Ohio-4558.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Adam M. DeVore, | : | |
| Plaintiff-Appellant, | : | No. 23AP-350 |
| | | (C.P.C. No. 23CV-1163) |
| | : | |
| v. | : | (ACCELERATED CALENDAR) |
| | : | |
| Ohio Adult Parole Authority et al., | : | |
| Defendants-Appellees. | : | |
| | : | |

D E C I S I O N

Rendered on December 14, 2023

**On brief:** *Adam M. DeVore*, pro se. **Argued:** *Adam M. DeVore.*

**On brief:** *Dave Yost*, Attorney General, and *Jennifer A. Driscoll* for appellee. **Argued:** *Chadd Mckitrick.*

APPEAL from the Franklin County Court of Common Pleas

EDELSTEIN, J.

{¶ 1} Plaintiff-appellant, Adam M. DeVore, appeals from an order of the Franklin County Court of Common Pleas denying his motions for class certification and for a preliminary injunction against defendants-appellees, the Ohio Adult Parole Authority ("OAPA") and the Ohio Department of Rehabilitation and Correction ("ODRC") (collectively "appellees"). For the following reasons, we affirm.

I. Facts and Procedural History

{¶ 2} Mr. DeVore was sentenced on February 28, 2018 to a 72-month aggregated prison term and a mandatory 3-year period of post-release control. (Feb. 22, 2023 Compl. at ¶ 3, Ex. C at 4.) Before his release from prison, Mr. DeVore brought an action in the

Franklin County Court of Common Pleas against OAPA and ODRC seeking a declaratory judgment that R.C. 2967.28, Ohio's post-release control statute, is unconstitutional. He also sought injunctive relief preventing its enforcement. (Compl. at ¶ 2.) Mr. DeVore raised a number of arguments in support of his action.

{¶ 3} Soon after filing his complaint, Mr. DeVore moved the court for class certification on behalf of all individuals who are or will be subject to post-release control following the completion of their sentence. (Mar. 14, 2023 Mot.) Mr. DeVore asserted the following in his motion: (1) he is representative of the proposed class; (2) the potential members are so numerous that individual joinder is impractical; (3) the constitutionality of post-release control is a question common to all prospective class members; (4) the instant claims are typical of the proposed class; and (5) appointment of class counsel will ensure the interests of the class are adequately represented. (*Id.*) On March 28, 2023, OAPA and ODRC moved the court for leave to file a motion to dismiss out of rule, which the trial court granted and deemed filed instanter. (Mar. 31, 2023 Order.) Mr. DeVore filed a motion for a preliminary injunction on March 30, 2023, requesting the court enjoin the state from "the administration, imposition, and enforcement of post-release control ("PRC") pending full litigation of this action." (Mar. 30, 2023 Mot. at 1.) The following week, Mr. DeVore moved for default judgment against the appellees for failure to file an answer or otherwise respond to the complaint in a timely fashion. (Apr. 7, 2023 Mot.) The trial court issued an omnibus ruling on April 12, 2023, which, in relevant part, denied the motion to dismiss and the motion for default judgment. (Apr. 12, 2023 Entry.)

{¶ 4} The court denied Mr. DeVore's requests for injunctive relief and class certification, finding "that each Motion lacks merit. This case is not appropriate for class certification and Plaintiff has not met his burden to be entitled to a preliminary injunction." (May 23, 2023 Entry Denying Pl.'s Mot. at 1.) It is from this order that Mr. DeVore brings his timely appeal.

## II. Assignments of Error

{¶ 5} Mr. DeVore assigns the following assignments of error for our review:

> [I.] The trial court abused its discretion in denying appellant's motion to certify the action as a class action and to appoint class counsel when, the trial judge did not rigorously analyze any of the factors for class certification.

[II.] The trial court abused its discretion when it denied appellant's motion for a preliminary injunction pending full litigation of the action.

[III.] The trial court erred as a matter of law and procedure when she ruled on the relevant motions prior to allowing appellant time to reply to the appellees' untimely response.

## III. Discussion

### A. First Assignment of Error

{¶ 6} A trial court's decision to grant or deny class certification is reviewed under an abuse of discretion standard. *LaBorde v. Gahanna*, 10th Dist. No. 14AP-764, 2015-Ohio-2047, ¶ 24. A trial court abuses its discretion when it exercises its judgment in an arbitrary, unreasonable, or unconscionable manner. *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, ¶ 35. " 'A decision is unreasonable if there is no sound reasoning process that would support the decision.' " *Fernando v. Fernando*, 10th Dist. No. 16AP-788, 2017-Ohio-9323, ¶ 7, quoting *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990). A decision is arbitrary if it is made " 'without consideration of or regard for facts [or] circumstances.' " *State v. Hill*, 171 Ohio St.3d 524, 2022-Ohio-4544, ¶ 9, quoting *State v. Beasley*, 152 Ohio St.3d 470, 2018-Ohio-16, ¶ 12, quoting *Black's Law Dictionary* 125 (10th Ed.2014). A decision may also be arbitrary if it lacks any adequate determining principle and is not governed by any fixed rules or standards. *See id.*, quoting *Dayton ex rel. Scandrick v. McGee*, 67 Ohio St.2d 356, 359 (1981), quoting *Black's Law Dictionary* 96 (5th Ed.1979). An abuse of discretion may also be found where a trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, ¶ 15 (8th Dist.). Due deference is given to the trial court's determination, as it is in the best position to consider the effect on its docket and the inherent complexities that arise during class action litigation. *Egbert v. Shamrock Towing, Inc.*, 10th Dist. No. 20AP-266, 2022-Ohio-474, ¶ 14.

{¶ 7} Despite this deferential standard, we must determine whether the trial court satisfied its obligation to conduct a rigorous analysis into whether each of Civ.R. 23's requirements has been met. *Hamilton v. Ohio Sav. Bank*, 82 Ohio St.3d 67, 70 (1998). At

this threshold stage, the merits of the underlying claims may only be considered to the extent necessary to determine whether class certification is appropriate. *Egbert* at ¶ 15.

{¶ 8} Mr. DeVore's first assignment of error challenges both the inadequacy of the trial court's analysis and the ultimate decision to deny class certification itself. With regard to the first half of the challenge, we find *Hamilton* instructive. In *Hamilton*, the Supreme Court of Ohio considered a challenge to a trial court's decision to deny class certification. *Id*. at 69. The trial court's one-sentence entry denying class certification failed to provide its rationale for the denial, leaving the appellate court to undertake the initial analysis. *Id*. at 70. Before proceeding to its substantive review, the Supreme Court addressed the trial court's lack of analysis. The court noted that "there is no explicit requirement in Civ.R. 23 that the trial court make formal findings to support its decision on a motion for class certification, [but] there are compelling policy reasons for doing so." *Id*. The court emphasized that it is "exceedingly difficult to apply an abuse-of-discretion standard to Civ.R. 23 determinations where * * * the trial court fails not only to articulate its rationale, but also fails to disclose which of the seven class action prerequisites it found to be lacking with respect to the various alleged claims for relief." *Id*. at 71.

{¶ 9} As in *Hamilton*, the trial court here failed to articulate its justification for denying class certification. However, as the Supreme Court has instructed, this failure, alone, is not, itself, grounds for reversal if the reviewing court is still able to determine whether the trial court's decision was an abuse of discretion. *Id*. In fact, we have upheld decisions denying class certification when the trial court's logic was unclear but the outcome was still proper based on the record. *See, e.g., New Albany Park Condominium Assn. v. Lifestyle Communities, LTD*, 195 Ohio App.3d 459, 2011-Ohio-2806, ¶ 59 (10th Dist.), citing *Searles v. Germain Ford of Columbus, L.L.C.,* 10th Dist. No. 08AP-728, 2009-Ohio-1323, ¶ 24. As such, we undertake our independent review to determine whether the trial court abused its discretion in denying class certification.

{¶ 10} It is the burden of the initiating party to demonstrate an action meets the following requirements for class certification:

> "(1) an identifiable class must exist and the definition of the class must be unambiguous; (2) the named representatives must be members of the class; (3) the class must be so numerous that joinder of all members is impracticable; (4)

> there must be questions of law or fact common to the class; (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; (6) the representative parties must fairly and adequately protect the interests of the class; and (7) one of the three Civ.R. 23(B) requirements must be met."

*Cullen v. State Farm Mut. Auto. Ins. Co.*, 137 Ohio St.3d 373, 2013-Ohio-4733, ¶ 12, quoting *Stammco, L.L.C. v. United Tel. Co. of Ohio*, 125 Ohio St.3d 91, 2010-Ohio-1042, ¶ 6. With regard to the final requirement, Mr. DeVore seeks class certification under Civ.R. 23(B)(2), which states "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."

{¶ 11} The requirements for class certification are conjunctive, and the failure to prove one will preclude certification. *LaBorde*, 2015-Ohio-2047 at ¶ 25. "Correspondingly, if the trial court finds that one of the prerequisites is not present, the court need not continue in its rigorous analysis as the inquiry into class certification is at an end." *Frisch's Restaurant, Inc. v. Conrad,* 10th Dist. No. 05AP-412, 2005-Ohio-5426, ¶ 18.

{¶ 12} Mr. DeVore exclusively sought certification under Civ.R. 23(B)(2). This court has previously addressed the appropriateness of class actions brought under Civ.R. 23(B)(2) when the challenge is to the constitutionality of a legislative enactment. In *State ex rel. Horvath v. State Teachers Retirement Bd.*, 10th Dist. No. 94APE07-988, 1995 Ohio App. LEXIS 1292 (Mar. 31, 1995), the plaintiff sought a declaratory judgment that R.C. 3307.651 was unconstitutional in the manner it credited interest to teacher retirement accounts and proceeded to move for class certification under Civ.R. 23(B)(2). On appeal, this court upheld the trial court's decision to deny the class action, finding "an individual judgment in relator's favor will inure to the benefit of all potential class members, as the statute will be found either constitutional or unconstitutional." *Id.* at *19-20.

> Therefore, at this stage of the litigation, we find no reason to certify the cause as a class action. The threshold issue regarding the constitutionality of R.C. 3307.651(2) and (3) may be determined in relator's individual lawsuit. Certification of the cause as a class action prior to the determination of the constitutionality of the statute may result in unnecessary discovery procedures and the

> unjustified and unnecessary expenditure of judicial time and
> energy needed to determine a class action.

*Id.* at *20.

{¶ 13} The court further considered that, because relator had claimed damages from the alleged unconstitutional application of the statute, a class action may be appropriate at a later time to determine the calculation of damages as to all affected class members. *Id.* at *21-23. Here, Mr. DeVore has not claimed monetary damages, nor has the trial court rendered a decision on the constitutionality of the offending statute.

{¶ 14} We later applied this analysis in *Frisch's*, in which a declaratory judgment action was brought against the state's calculation of workers' compensation premiums. Noting that the state would be required to consistently implement the program following the final decision of the highest court, we upheld the trial court's decision to deny class certification. *Frisch's* at ¶ 22. "[W]hen an individual plaintiff's request for injunctive or declaratory relief would automatically accrue to the benefit of others who are similarly situated, a trial court does not abuse its discretion in refusing to certify a class action." *Id. See also State ex rel. Davis v. Pub. Emp. Retirement Bd.*, 111 Ohio St.3d 118, 2006-Ohio-5339, ¶ 38 ("The [appellate] court reasonably concluded that because a ruling in the mandamus case would be uniformly applied by appellees to similarly situated persons, a class action would not be a superior method for adjudicating the controversy.").

{¶ 15} The case before us is similar to both *Frisch's* and *Horvath*. We are faced with a declaratory judgment action on the constitutionality of a state statute that is implemented and enforced by a state actor. If the trial court ultimately determines that post-release control is, in fact, unconstitutional, Mr. DeVore's declaratory relief would apply equally to him individually and any other person subject to the statute's enforcement. This same outcome would be reached by certifying a class of all prospective members and proceeding to the merits, with all attendant costs and additional time required to do so.

{¶ 16} Because the requested relief would automatically accrue to the proposed class without class litigation, we do not find the trial court abused its discretion in denying class certification. Therefore, Mr. DeVore's first assignment of error is overruled.

**B. Second Assignment of Error**

{¶ 17} Mr. DeVore's second assignment of error alleges the trial court abused its discretion when it denied his motion for a preliminary injunction; specifically, his request that the trial court restrain and enjoin the appellees from enforcing R.C. 2967.28 until the question of its constitutionality is fully determined.

{¶ 18} " 'An injunction is an extraordinary remedy in equity where there is no adequate remedy available at law. It is not available as a right but may be granted by a court if it is necessary to prevent a future wrong that the law cannot.' " *Toledo v. State*, 154 Ohio St.3d 41, 2018-Ohio-2358, ¶ 15, quoting *Garono v. State*, 37 Ohio St.3d 171, 173 (1988). Its primary purpose is to preserve the status quo between the parties pending a resolution on the merits. *Columbus v. State*, 10th Dist. No. 22AP-676, 2023-Ohio-2858, ¶ 17. A party seeking injunctive relief must demonstrate the following: (1) there is a substantial likelihood that the plaintiff will prevail on the merits; (2) the plaintiff will suffer irreparable injury if the injunction is not granted; (3) no third parties will be unjustifiably harmed if the injunction is granted; and (4) the public interest will be served by the injunction. *Id.* at ¶ 18. Each factor must be established through the presentation of clear and convincing evidence. *Intralot, Inc. v. Blair*, 10th Dist. No. 17AP-444, 2018-Ohio-3873, ¶ 31.

{¶ 19} We review a trial court's ultimate decision to grant or deny a preliminary injunction for an abuse of discretion. *Garb-Ko, Inc. v. Benderson*, 10th Dist. No. 12AP-430, 2013-Ohio-1249, ¶ 32. However, questions of law are reviewed de novo. *State ex rel. Bowling v. DeWine*, 10th Dist. No. 21AP-380, 2021-Ohio-2902, ¶ 31; *Columbus* at ¶ 27 ("We review legal determinations de novo, including the likelihood of success on the merits, but we review the trial court's ultimate determination as to whether the four preliminary injunction factors weigh in favor of granting or denying a party's request for preliminary injunctive relief for an abuse of discretion.").

{¶ 20} Despite the trial court's failure to thoroughly discuss its justification for denying the preliminary injunction, Mr. DeVore's second assignment of error is not well-taken.

{¶ 21} In his brief, Mr. DeVore argues the Supreme Court's decision in *Woods v. Telb*, 89 Ohio St.3d 504 (2000) did not directly determine the constitutional arguments raised in his complaint and thus does not weigh against the likelihood of success on the

merits. (Appellant's Brief at 13-14.) He further contends *Woods* was superseded by subsequent statutory amendments to the post-release control scheme. (*Id.*) In support of this argument, Mr. DeVore cites two cases decided after *Woods*, which purportedly abrogated the *Woods* holding: *State v. Antol,* 7th Dist. No. 12 MA 211, 2013-Ohio-5640 (differentiating between obligations to credit a pre-trial license suspension in judicial and administrative proceedings) and *State v. Mozingo*, 4th Dist. No. 16CA1025, 2016-Ohio-8292 (finding R.C. 2929.141(A) does not require the sentencing court to notify a defendant that a future judicial-sanction sentence for violating post-release control would have to be served consecutive to a new felony sentence).

{¶ 22} In *Woods*, the Supreme Court held the post-release control statute did not violate the separation of powers doctrine or the Due Process Clauses of the United States or Ohio Constitutions. *See Woods* at paragraph one of the syllabus. The Supreme Court recently reaffirmed its *Woods* holding through dicta in *State v. Hacker*, ___ Ohio St.3d ___, 2023-Ohio-2535, ¶ 19-23 (analogizing ODRC's authority to consider an individual's behavior while incarcerated to the OAPA's authority to impose sanctions for violations of post-release control conditions). Despite being dicta, the court's discussion is further confirmation that *Woods* remains good law.

{¶ 23} Neither *Antol* nor *Mozingo* addresses the claims raised by Mr. DeVore or contravenes the holding in *Woods*. In any event, neither decision is binding on this court. And, R.C. 2967.28 has not been substantively amended since *Woods* was decided. Mr. DeVore's contention that *Woods* is inapplicable to the disposition of his constitutional arguments is therefore not well-taken and casts serious doubt on the likelihood of success on the merits.

{¶ 24} In addition to the first factor weighing against an injunction, the record is devoid of evidence that Mr. DeVore faces imminent, irreparable harm. Mr. DeVore argues the failure to enjoin the OAPA and ODRC leaves him vulnerable to unconstitutional sanctions throughout the pendency of litigation. However, Mr. DeVore's injury is hypothetical—he has not alleged he has or will suffer harm from the imposition of supervisory conditions nor that he has violated a condition of post-release control and is imminently subject to sanctions. Vague and speculative assertions of a constitutional violation "do not constitute clear and convincing evidence of irreparable harm to support a

preliminary injunction." *Ohio Democratic Party v. LaRose*, 10th Dist. No. 20AP-421, 2020-Ohio-4664, ¶ 61. Mr. DeVore has not identified the specific harm he faces if the statute remains in effect during the pendency of litigation apart from the harm that could come if he were to violate the terms of post-release control. His speculation that he could violate a condition, and consequently face a sanction from that violation, is too attenuated to constitute irreparable harm.

**{¶ 25}** Because we find Mr. DeVore cannot establish a likelihood of success on the merits of his claims and the record does not establish he faces imminent, irreparable harm, we cannot say the trial court abused its discretion when it declined to issue a preliminary injunction.[1] Because Mr. DeVore has not demonstrated his entitlement to injunctive relief by clear and convincing evidence, his second assignment of error is overruled.

### C. Third Assignment of Error

**{¶ 26}** Mr. DeVore's third assignment of error concerns rulings issued by the trial court before he was able to reply to appellees' briefs. In support of his argument, Mr. DeVore cites a case from the Ninth District Court of Appeals noting that the purpose of Civ.R. 6 is to permit the party opposing a motion notice and an opportunity to respond. (Appellant's Brief at 20, citing *Akron v. Heller*, 9th Dist. No. 26969, 2013-Ohio-5228, ¶ 6.)

**{¶ 27}** Appellees assert in response that "[t]here is no automatic allowance for a reply brief in the Ohio Rules of Civil Procedure" and that Mr. DeVore was required to move the court for leave to file a reply brief but failed to do so. (Appellees' Brief at 9-10.) This argument is incorrect. "A movant's reply to a response to any written motion may be served within seven days after service of the response to the motion." Civ.R. 6(C)(1). Leave is not required unless the movant seeks to file a reply brief out of rule.

**{¶ 28}** Although appellees' argument rests on a misunderstanding of Civ.R. 6(C), Mr. DeVore's reliance on *Heller* is misplaced and his assignment of error lacks merit. Mr. DeVore takes issue with the trial court's ruling before his window for filing a reply brief had closed. *Heller* concerned a response to an opposing party's motion, not a reply brief. The two are meaningfully distinguishable insofar as a reply brief is filed by the party responsible

---

[1] Although we are ultimately able to affirm the trial court's denial of a preliminary injunction, we take this opportunity to note that a trial court's failure to articulate its reasoning for denying a preliminary injunction significantly hampers meaningful appellate review.

for the initial motion and a response is the nonmoving party's first opportunity to articulate its position on the matter. Therefore, they do not implicate the same due process concerns.

**{¶ 29}** However, even if the trial court should have waited the appropriate length of time before issuing its rulings, we do not find that error prejudiced Mr. DeVore. As we have already determined the trial court did not abuse its discretion in denying class certification, any error from ruling prematurely would have been harmless.

**{¶ 30}** Therefore, Mr. DeVore's third assignment of error is overruled.

## IV. Disposition

**{¶ 31}** In accordance with the above, Mr. DeVore's three assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

MENTEL and JAMISON, JJ., concur.

––––––––––––––