[Cite as *Bettman v. JDH Bldg. Group, L.L.C.*, 2024-Ohio-1092.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| R. TODD BETTMAN, et al., | : | |
| Appellants, | : | CASE NO. CA2023-11-096 |
| | : | O P I N I O N |
| - vs - | | 3/25/2024 |
| | : | |
| JDH BUILDING GROUP, LLC, | : | |
| Appellee. | : | |


CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 23CV96456


Bailey Cavalieri LLC, Christopher W. Tackett and John P. Miller, for appellants.

Aronoff, Rosen & Hunt, Edward P. Akin and Kevin L. Swick, for appellees.



**PIPER, J.**

{¶ 1} Appellants, Todd and Jean Bettman (the "Bettmans"), timely appeal the decision of the Warren County Court of Common Pleas denying their motion for a preliminary injunction without a hearing and the opportunity for discovery prior to staying the proceedings for arbitration.[1]

---

1. Pursuant to Loc.R. 6(a), we sua sponte remove this case from the accelerated calendar for the purposes of issuing this opinion.

**Facts and Procedure**

**{¶ 2}** The Bettmans entered into a contract with JDH Building Group ("JDH Building") to have JDH Building construct a luxury home in Warren County.[2] By January 2023, the Bettmans had paid JDH Building two large deposits for the construction of the home totaling $619,133 ("Deposit"). When JDH Building allegedly failed to timely commence construction, the Bettmans attempted to exercise their right to terminate the contract and asked for their money back. JDH Building declined to refund the Bettmans' Deposit.

**{¶ 3}** The Bettmans responded by filing a complaint in the Warren County Common Pleas Court requesting, inter alia, recission of the contract as well as damages for breach of contract. Shortly thereafter, the Bettmans filed a motion for a preliminary injunction requesting that the funds they deposited with JDH Building be placed in an escrow account pending final resolution of the action. The Bettmans sought the temporary escrow based upon their belief that JDH Building was in the process of becoming insolvent. The Bettmans alleged that JDH Building had not paid subcontractors on multiple different projects resulting in mechanics' liens being placed upon other homeowners' properties and that JDH Building appeared to be "robbing Peter to pay Paul." The Bettmans indicated they were concerned that an eventual judgment from a lawsuit would be uncollectible and meaningless in the future.

**{¶ 4}** The hearing on the motion for a preliminary injunction was set for October 24 and 25, 2023. The Bettmans served JDH Building with discovery seeking evidentiary material to support their motion for a preliminary injunction. The Bettmans maintained the discovery was aimed at demonstrating the need to preserve their funds. JDH Building

---

2. The parties' construction agreement lists the contract sum as $3,191,130.

moved for an extension of time to respond to the discovery requests. The trial court permitted JDH Building additional time to respond to the Bettmans' discovery requests, ordering a response by October 6, 2023.

{¶ 5} On the day the discovery responses were due, JDH Building moved for a protective order precluding discovery outside the arbitration proceedings. On October 10, 2023, while noting that the hearing on the preliminary injunction was just weeks away, the Bettmans moved to compel discovery. The Bettmans argued that JDH Building declined to provide discovery necessary for the hearing on the preliminary injunction. The Bettmans stated that the very limited discovery they had received was largely nonresponsive.

{¶ 6} Without prior notice to the parties, on October 19, 2023, the trial court vacated the hearing on the preliminary injunction, denied the motion for a preliminary injunction without a hearing, and determined the outstanding discovery issues were moot. In so doing, the trial court noted that it would be remiss if it did not consider the effect a preliminary injunction hearing would have on the arbitration proceedings. It stated that the hearing for the motion for a preliminary injunction would involve evidence regarding the merits of the underlying action, which the trial court stated would directly conflict with JDH Building's request for a stay. The trial court then ruled that the Bettmans failed to establish, by clear and convincing evidence, that they will be irreparably harmed. In doing so, the trial court accepted JDH Building's suggestion that mechanics' liens are not unusual in the business of construction and not indicative of a threat of insolvency. After denying the Bettmans' motion for a preliminary injunction, the trial court denied the Bettmans' motion to compel and JDH Building's motion for a protective order, concluding that those discovery issues were moot. In a journal entry issued less than an hour later, the trial court granted JDH Building's motion to stay proceedings pending arbitration. The

Bettmans raised three assignments of error for review.

**Final Appealable Order**

{¶ 7}   As an initial matter, JDH Building argues that this case should be dismissed for lacking a final appealable order.  A preliminary injunction is a provisional remedy that is considered interlocutory, tentative, and impermanent in nature.  *N. Fairfield Baptist Church v. G129, L.L.C.*, 12th Dist. Butler No. CA2009-11-281, 2010-Ohio-2543, ¶ 16.  As such, an order granting or denying a preliminary injunction does not automatically qualify as a final appealable order.  *Empower Aviation, L.L.C. v. Butler Cty. Bd. of Commrs.*, 185 Ohio App.3d 477, 2009-Ohio-6331, ¶ 9 (1st Dist.).  Instead, a trial court's order granting or denying a preliminary injunction is a final appealable order only if it fulfills the two-pronged test set forth in R.C. 2505.02(B)(4).  *Freeman Indus. Prods. L.L.C. v. Armor Metal Group Acquisitions, Inc.*, 193 Ohio App.3d 438, 2011-Ohio-1995, ¶ 16 (12th Dist.). Therefore, this court may only consider the trial court's order denying the Bettmans' request for preliminary injunctive relief if it falls within the confines of R.C. 2505.02(B)(4). *Wells Fargo Ins. USA Servs., Inc. v. Gingrich*, 12th Dist. Butler No. CA2011-05-085, 2012-Ohio-677, ¶ 5.

{¶ 8}   According to R.C. 2505.02(B)(4), an order granting or denying a preliminary injunction is a final appealable order where:

> (a)  The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy; [and]

> (b)  The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶ 9}   In applying the two-pronged test, we find the first prong required by R.C.

2505.02(B)(4)(a) has been satisfied.[3]  The trial court's order denying the Bettmans' request for a preliminary injunction determined the action with respect to the provisional remedy and prevented a judgment in favor of the Bettmans regarding their request for preliminary injunctive relief.

{¶ 10} With regard to the second prong, the Bettmans must be able to demonstrate they would be deprived of a meaningful and effective remedy if they cannot appeal now. *Wells Fargo* at ¶ 10, citing *E. Cleveland Firefighters, IAFF Local 500 v. E. Cleveland*, 8th Dist. Cuyahoga No. 88273, 2007-Ohio-1447, ¶ 4.  In other words, the Bettmans must demonstrate they "would have no adequate remedy from the effects of that interlocutory order on appeal from final judgment." *Empower Aviation* at ¶ 18.

{¶ 11} The fundamental principle underpinning this court's review of interlocutory orders under R.C. 2505.02(B)(4)(b) is that a court of appeals has jurisdiction when the "'the proverbial bell cannot be unrung and an appeal after final judgment on the merits will not rectify the damage' suffered by the appealing party." *State v. Muncie*, 91 Ohio St.3d 440, 451 (2001), quoting *Gibson-Myers & Assocs. v. Pearce*, 9th Dist. Summit No. 19358, 1999 Ohio App. LEXIS 5010, *6-7 (Oct. 27, 1999).

{¶ 12} Generally, where a party would be entitled to monetary damages for any loss suffered from a preliminary injunction, there is no right to an immediate appeal from a ruling on a preliminary injunction.  *Wells Fargo*, 2012-Ohio-677 at ¶ 13; *N. Fairfield Baptist Church*, 2010-Ohio-2543 at ¶ 24.  However, there are exceptions where an award of monetary damages at the end of litigation would not remedy the damages occurring during the time the injunction should have been in effect.  *Premier Health Care Services, Inc. v. Schneiderman*, 2d Dist. No. 18795, 2001 Ohio App. LEXIS 5170 (Aug. 21, 2001);

---

3. JDH Building does not contest that the first prong of the test exists, noting that disputes generally focus on the second prong of the test.

*Columbus v. State*, 10th Dist. Franklin No. 22AP-676, 2023-Ohio-195, ¶ 16.

{¶ 13} A party's possible award of future monetary damages may not amount to a "meaningful or effective remedy" under R.C. 2505.02(B)(4)(b) where an injunction seeks access to a finite amount of resources. In *AIDS Taskforce of Greater Cleveland v. Ohio Dept. of Health*, 8th Dist. Cuyahoga No. 105971, 2018-Ohio-2727, a charity had applied to the Ohio Department of Health for funding pursuant to a federal grant but was denied. *Id*. After the state approved awards to other organizations, the charity was denied an injunction to prevent the dispersal of the funds and appealed. *Id*. The Eighth District held that R.C. 2502.02(B)(4)(b) was satisfied when funds were likely to be fully distributed and exhausted before the trial court had the opportunity to render its final judgment. In such a circumstance, there was a final appealable order because, even if the charity were ultimately able to prevail on the merits, a lack of funds would render the judgment meaningless. *Id*. at ¶ 17. *Accord State ex rel. Bowling v. DeWine*, 10th Dist. No. 21AP-380, 2021-Ohio-2902 (finding R.C. 2505.02[B][4][b] met where harm from denial of preliminary injunction could not be rectified by monetary damages at a later date and funding source at issue would expire).

{¶ 14} As the supreme court has stated, when interpreting R.C. 2505.02(B)(4)(b), "whether [an] appeal after final judgment would afford a meaningful or effective remedy" requires examining more than the relief sought: a court must "consider whether there is a harm such that appeal after final judgment would not 'rectify the damage.'" *State ex rel Bowling*, 2021-Ohio-2902 at ¶ 26, quoting *In re D.H*., 152 Ohio St.3d 310, 2018-Ohio-17, ¶ 18. In this case, the Bettmans argue that if their lawsuit is successful but JDH Building is insolvent, they will not have a meaningful or effective remedy. The trial court started to address the argument with regard to JDH Building's solvency but then dismissed the argument reasoning that mechanics' liens are not unusual in the construction industry.

{¶ 15} However, the finding that mechanics' liens were a usual or customary business activity was not made following a hearing or after the introduction of evidence. It was an observation about the construction industry in general. The time for the Bettmans to present evidence of insolvency was at a hearing on their motion for a preliminary injunction. To that end, the Bettmans had already moved to compel the production of evidence they indicated was necessary for purposes of supporting their arguments. Instead, the trial court denied the Bettmans' motion for a preliminary injunction without a hearing, concluding the Bettmans did not establish that JDH Building was going to be imminently insolvent or otherwise unable to pay monetary damages. The trial court then denied the Bettmans' motion to compel, concluding that the discovery dispute had been rendered moot. While JDH Building argues a judgment for monetary damages is an effective remedy, the Bettmans sought an opportunity to prove that, if their lawsuit is successful, they would essentially be deprived of a meaningful and effective remedy. Therefore, in these narrow and specific circumstances, the threat of an ineffective remedy following final judgment constitutes a provisional order that satisfies R.C. 2505.02(B)(4) as a final appealable order. We therefore turn to the merits of the Bettmans' appeal.

**Issues on Appeal**

{¶ 16} Assignment of Error No. 1:

{¶ 17} THE TRIAL COURT ERRED IN VACATING THE PRELIMINARY INJUNCTION HEARING IT HAD SCHEDULED ON THE BETTMAN'S MOTION FOR PRELIMINARY INJUNCTION, IN DENYING THE BETTMAN'S MOTION TO COMPEL DISCOVERY RELATED TO THEIR REQUEST FOR INJUNCTIVE RELIEF, AND IN SUMMARILY DENYING THEIR PRELIMINARY INJUNCTION MOTION WITHOUT A HEARING AND DISCOVERY.

{¶ 18} Assignment of Error No. 2:

{¶ 19} THE TRIAL COURT'S DECISION TO DENY THE BETTMAN'S MOTION FOR PRELIMINARY INJUNCTION ON THE GROUND THAT THEY COULD NOT ESTABLISH IRREPARABLE HARM IS ERRONEOUS AS A MATTER OF LAW.

{¶ 20} Assignment of Error No. 3:

{¶ 21} THE TRIAL COURT ERRED IN STAYING THIS CASE PENDING ARBITRATION BEFORE PROPERLY CONSIDERING THE BETTMAN'S MOTION FOR PRELIMINARY INJUNCTION.

{¶ 22} In their three assignments of error, the Bettmans argue the trial court erred by denying their motion for a preliminary injunction without a hearing and then almost simultaneously issued a stay pending arbitration. The Bettmans also argue the trial court erred by denying their motion to compel discovery, indicating that the Bettmans could not establish the threat of irreparable harm and finding the issue of discovery was moot but only after it denied the preliminary injunction.

**Denial of Preliminary Injunction Without a Hearing**

{¶ 23} The purpose of a preliminary injunction is to preserve the status quo of the parties pending a final adjudication of the case upon the merits. *Back v. Faith Properties, L.L.C.*, 12th Dist. Butler No. CA2001-12-285, 2002-Ohio-6107, ¶ 36. In ruling on a motion for preliminary injunction, a trial court must consider whether: (1) the moving party has shown a substantial likelihood that he or she will prevail on the merits of their underlying substantive claim; (2) the moving party will suffer irreparable harm if the injunction is not granted; (3) issuance of the injunction will not harm third parties; and (4) the public interest would be served by issuing the preliminary injunction. *DK Prods., Inc. v. Miller*, 12th Dist. Warren No. CA2008-05-060, 2009-Ohio-436, ¶ 6.

{¶ 24} The party seeking the preliminary injunction must establish each of these

elements by clear and convincing evidence. *S.W. Ohio Basketball, Inc. v. Himes*, 12th Dist. Warren No. CA2020-08-045, 2021-Ohio-415, ¶ 33. However, no single element is dispositive. *AK Steel Corp. v. Arcelormittal USA, L.L.C.*, 12th Dist. Butler No. CA2015-11-190, 2016-Ohio-3285, ¶ 10; *Kyrkos v. Superior Beverage Group, Ltd.*, 8th Dist. Cuyahoga No. 99444, 2013-Ohio-4597, ¶ 13. "If there is a strong likelihood of success on the merits, an injunction may be granted even though there is little evidence of irreparable harm and vice versa." *AK Steel Corp.* at ¶ 10; *S.W. Ohio Basketball, Inc.* at ¶ 33, citing *Fischer Dev. Co. v. Union Twp.*, 12th Dist. Clermont No. CA99-10-100, 2000 Ohio App. LEXIS 1873, *8 (May 1, 2000). The grant or denial of a motion for injunctive relief is reviewed according to the abuse of discretion standard. *N. Fairfield Baptist Church*, 2010-Ohio-2543, at ¶ 16.

**{¶ 25}** Ohio courts have recognized that, except where a temporary restraining order has been issued, Civ.R. 65 does not expressly require a hearing on a motion for a preliminary injunction. *Danziger v. Rieman*, 6th Dist. Sandusky No. S-19-021, 2020-Ohio-216, ¶ 19; *Executive Mgt. Servs., Inc., v. Cincinnati State Technical & Community College*, 10th Dist. Franklin No. 11AP-600, 2011-Ohio-6767, ¶ 10. Nevertheless, courts have recognized it is "customary to hold a hearing before granting or denying preliminary or permanent injunctive relief." *Executive Mgt. Servs.* at ¶ 8; *Cleveland v. K.O. Drugs Boxing Academy*, 8th Dist. No. 74681, 1998 Ohio App. LEXIS 5436 (Nov. 19, 1998).

**{¶ 26}** In some cases, the denial of injunctive relief without a hearing is appropriate where the assertions are patently frivolous or vague and speculative. *DeVore v. Ohio Adult Parole Auth.*, 10th Dist. Franklin No. 23AP-350, 2023-Ohio-4558, ¶ 24 (Vague and speculative assertions of a constitutional violation do not support a preliminary injunction). We have acknowledged, however, that a movant for a preliminary injunction need not show actual harm "since a threat of harm is a sufficient basis on which to grant such

relief." *Bond Safeguard Ins. Co. v. Dixon Builders I, L.L.C.*, 12th Dist. Butler No. CA2011-02-027, 2012-Ohio-3313, ¶ 35.

{¶ 27} Although an evidentiary hearing is not specifically required by Civ.R. 65, "the language of the rule strongly suggests that an evidentiary hearing will be held prior to ruling on a preliminary injunction motion." *Executive Mgt. Servs.* at ¶ 8, citing *Johnson v. Morris*, 108 Ohio App.3d 343, 352 (4th Dist.1995). "In determining whether a hearing is appropriate to any motion for preliminary injunction, the trial court must exercise its discretion, assess the nature of the allegations and circumstances, and determine whether a hearing is warranted for that particular motion for preliminary injunction." *Executive Mgt. Servs.* at ¶ 12.

{¶ 28} In this case, the trial court discounted the information provided by the Bettmans with regard to JDH Building's financial solvency. Without holding a hearing and before addressing the discovery dispute, the trial court concluded the Bettmans failed to establish that JDH Building was going to be imminently insolvent or unable to pay monetary damages.[4] The trial court also stated the Bettmans had another remedy at law "that is to seek monetary relief in the amount of the Deposit." However, the purpose of the motion for the preliminary injunction was to escrow the funds due to the concern of insolvency. The trial court's resolution of the Bettmans' motion for a preliminary hearing

---

4. In *Dixon Builders*, we determined that the trial court's order granting injunctive relief by having the money ($600,000) deposited with the court was consistent with the purpose of a preliminary injunction. We reasoned the hearing established a monetary judgment alone would be an inadequate remedy. *Bond Safeguard Ins. Co. v. Dixon Builders I, L.L.C.*, 12th Dist. Butler No. CA2011-02-027, 2012-Ohio-3313, ¶ 34.

denied them an opportunity to present their claims at a hearing.[5]  And the denial of the preliminary injunctive relief then served as an inappropriate basis for rendering the discovery dispute moot.

**{¶ 29}** While the trial court determined that the Bettmans failed to establish that JDH Building was going to be imminently insolvent or unable to pay the monetary damages, we note there were competing motions concerning the discoverability of JDH Building's financial condition.  The trial court was well aware of the discovery dispute but stated it would be remiss if it did not consider the impact a hearing on a preliminary injunction might have on the arbitration proceeding.  While the trial court technically denied the motion for a preliminary injunction before it granted the motion to stay proceedings pending arbitration, the motion to stay clearly played a factor in the trial court's ruling.

**{¶ 30}** As stated by the supreme court, "[w]hen a trial court is faced with a motion to stay pending arbitration and a motion for a preliminary injunction, the motion for a preliminary injunction should be heard first."  *State ex rel. CNG Fin. Corp. v. Nadel*, 111 Ohio St.3d 149, 2006-Ohio-5344, ¶ 16.  In this case, the motion to stay became a premature factor the trial court considered when it denied the Bettmans' motion for a preliminary injunction without a hearing and then mooted the remaining discovery issues. The trial court then granted JDH Building's motion to stay pending arbitration less than

---

5. The trial court stated it need not discuss the additional elements of a preliminary injunction calling the remaining analysis moot.  But it also added in a footnote that the Bettmans failed to establish the escrow of fund will serve the public interest.  However, we reiterate that no single factor is dispositive and a strong showing of one factor can make up for another, less weighty factor.  *AK Steel Corp.*, 2016-Ohio-3285 at ¶ 10.  *See also Davis v. McGuffey*, 167 Ohio St.3d 1442, 2022-Ohio-2163, ¶ 17 (Kennedy, J., dissenting). Moreover, if the trial court had conducted a hearing, the Bettmans would have had an opportunity to present their argument with regard to the public interest element.  *See Escape Enterprises., Ltd. v. Gosh Enterprises, Inc.*, 10th Dist. Franklin Nos. 04AP-834 and 04AP-857, 2005-Ohio-2637, ¶ 47, citing *Blakeman's Valley Office Equip., Inc. v. Bierdeman*, 152 Ohio App.3d 86, 2003-Ohio-1074, ¶ 39 (7th Dist.) (preserving the sanctity of contractual relations has traditionally been in the public interest).

one hour later. Based upon these circumstances, the Bettmans' three assignments of error are sustained. The trial court's orders: (1) denying the Bettmans' motion for a preliminary injunction without conducting a hearing; (2) mooting the Bettmans' discovery requests and related motions; and (3) staying proceedings pending arbitration are hereby reversed. This matter is remanded to the trial court to conduct a hearing on the Bettmans' preliminary injunction motion and consider any corresponding discovery requests.

{¶ 31} Judgment reversed and remanded.

S. POWELL, P.J., and BYRNE, J., concur.